IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WASHINGTON BLADE**<br>1712 14th St., NW,<br>Washington, D.C. 20009<br><br>and<br><br>**CHRIS JOHNSON**<br>c/o Washington Blade<br>1712 14th St., NW,<br>Washington, D.C. 20009<br><br>       Plaintiffs,<br><br>    v.<br><br>**UNITED STATES<br>DEPARTMENT OF LABOR**<br>200 Constitution Avenue, NW<br>Washington, D.C. 20210<br><br>       Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Washington Blade and Chris Johnson ("Johnson") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege as follows:

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by the Washington Blade and its Chief Political and White House Reporter Chris Johnson.

2.  By this action, Plaintiffs seek to compel the United States Department of Labor ("DOL") to comply with its obligations under FOIA to release records that Plaintiffs requested

1

from DOL's Office of Federal Contract Compliance Programs. Plaintiffs are statutorily entitled to disclosure of the requested records, which Defendant has withheld in violation of the Act.

## PARTIES

3.      Plaintiff Washington Blade was founded in 1969 and covers issues pertaining to the LGBTQ community in and around Washington, D.C. and abroad. It is the oldest LGBTQ newspaper in the United States. Its office is located at 1712 14th St., NW, Second Floor, Washington, D.C. 20009.

4.      Plaintiff Chris Johnson is the Chief Political and White House Reporter at the Washington Blade, where he covers developments concerning LGBTQ issues with respect to the White House, Congress, and the federal courts. His office is located at 1712 14th St., NW, Second Floor, Washington, D.C. 20009.

5.      Defendant United States Department of Labor is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiffs seek. DOL's headquarters is located at 200 Constitution Avenue, NW, Washington, D.C. 20210.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Plaintiffs' FOIA Request

8.      On August 29, 2019, Johnson, on behalf of himself and the Washington Blade, submitted a FOIA request to the DOL via email (the "Request"). A true and correct copy of the Request is attached hereto as **Exhibit A** and is incorporated by reference herein.

9. The Request was directed to DOL's Office of Federal Contract Compliance Programs. The Request sought "all emails to and from the persons in the roles of director, deputy director and director of policy including the words 'religion' or 'religious' from Jan. 20, 2017 to Aug. 30, 2019." Ex. A. The Request identified Johnson and the Washington Blade as representatives of the news media. *Id.*

10. The Request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E). *Id.*

11. By letter dated September 13, 2019, DOL acknowledged receipt of the Request and assigned it tracking number 882203. A true and correct copy of the DOL's acknowledgment letter is attached hereto as **Exhibit B**. In its acknowledgement letter, DOL stated that it had granted Johnson fee status as a representative of the news media. Ex. B. DOL also stated that it was extending the time to provide a determination by an additional ten business days. *Id.*

12. On November 7, 2019, DOL FOIA staff emailed Johnson asking to modify the "[R]equest to limit the search to the body of the letter and not the attachments[.]" A true and correct copy of DOL's November 7, 2019 email is attached hereto as **Exhibit C**.

13. By email that same day, Johnson agreed to DOL's request to limit its search to the body of emails and not attachments. *See id.*

14. On March 4, 2020, Johnson emailed DOL to ask for an estimated date of completion for the Request. *See id*.

15. By email that same day, DOL FOIA staff informed Johnson that there was no estimated date of completion for the Request. *See id*.

16. On May 4, 2020, Johnson administratively appealed DOL's failure to timely respond to the Request (the "Administrative Appeal") via email. A true and correct copy of the Administrative Appeal is attached hereto as **Exhibit D** and is incorporated by reference herein.

17. By letter dated May 14, 2020, DOL's Appeals Unit acknowledged receipt of the Administrative Appeal, assigning it tracking number 200120, and informed Johnson that the appeal was "being processed." A true and correct copy of DOL's acknowledgement of the Administrative Appeal is attached hereto as **Exhibit E**.

### Current Status of the Request

18. As of the filing of this Complaint, Plaintiffs have received no further communication from DOL with respect to the Request.

19. As of the filing of this Complaint, Plaintiffs have received no further response to their Administrative Appeal of DOL's failure to timely respond to the Request.

20. As of the filing of this Complaint, Plaintiffs have received neither a final determination nor any records in response to the Request.

21. As of the filing of this Complaint, the Request has been pending for 378 days.

### CAUSES OF ACTION

### COUNT I

### VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

22. Plaintiffs repeat, reallege, and incorporate the allegations set forth in the foregoing Paragraphs 1 through 21 as though fully set forth herein.

23. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

24. The Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA.

25. The Request complied with all applicable regulations regarding the submission of FOIA requests.

26. Defendant failed to make a timely determination regarding Plaintiffs' Request, violating the statutory deadline imposed by FOIA. 5 U.S.C. § 556(a)(6)(A).

27. Plaintiffs have or are deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II

### VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

28. Plaintiffs repeat, reallege, and incorporate the allegations set forth in the foregoing Paragraphs 1 through 21 as though fully set forth herein.

29. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

30. The Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA.

31. The Request complied with all applicable regulations regarding the submission of FOIA requests.

32. Defendant has not released any records or portions thereof in response to the Request.

33. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

34. Defendant has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

35. Defendant has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

36. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

(1) order Defendant to conduct a search reasonably calculated to identify all records responsive to the Request,

(2) Order Defendant to immediately disclose, in their entirety, all records responsive to Request that are not specifically exempt from disclosure under FOIA;

(3) issue a declaration that Plaintiffs are entitled to disclosure of the requested records;

(4) enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(5) award Plaintiffs reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) grant such other relief as the Court may deem just and proper.

Dated: September 15, 2020

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005

Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiffs*