IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON BLADE, *et al.*, **)** | |
| **)** | |
| *Plaintiffs*, **)** | |
| **)** | |
| v. **)** | Case No. 20-cv-2591 (RDM) |
| **)** | |
| U.S. DEPARTMENT OF LABOR, **)** | |
| **)** | |
| *Defendant*. **)** | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S PRE-MOTION STATEMENT

Pursuant to the Court's Standing Order in Civil Cases and the Court's June 3, 2022 Minute Order in the above-captioned matter, Plaintiffs Washington Blade and Chris Johnson provide the following Response to Defendant's Pre-Motion Statement, ECF No. 23.

## FACTUAL BACKGROUND

On August 29, 2019, the Washington Blade, a news organization covering issues pertaining to the LGBTQ community, and journalist Chris Johnson submitted a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act") to the Department of Labor (the "Department" or "DOL"). Plaintiffs' FOIA request, which was directed to DOL's Office of Federal Contract Compliance Programs, sought "all emails to and from the persons in the roles of director, deputy director and director of policy including the words 'religion' or 'religious' from Jan. 20, 2017 to Aug. 30, 2019." Plaintiffs submitted the request in an effort to learn more about a proposed rule the Department published in the Federal Register in August 2019 that would undermine employment non-discrimination regulations protecting LGBTQ workers. Defendant

1

failed to timely respond to Plaintiffs' FOIA request, and Plaintiffs commenced this litigation on

September 15, 2020.  As of January 31, 2022, Defendant completed its production of records.

## ARGUMENT

Under FOIA, it is the responding agency's burden to demonstrate that the exemptions it

has invoked apply to the records at issue.  5 U.S.C. § 552(a)(4)(B); *Dep't of State v. Ray*, 502 U.S.

164, 174 (1991).  Based on the information currently available to Plaintiffs, Plaintiffs anticipate

challenging certain of Defendant's Exemption 5 claims for the following reasons.[1]

### FOIA EXEMPTION 5

Exemption 5 permits agencies to withhold "inter-agency or intra-agency memorandums or

letters which would not be available by law to a party other than an agency in litigation with the

agency."  5 U.S.C. § 552(b)(5).  The threshold requirement for invocation of Exemption 5 is that

the records must qualify as inter-agency or intra-agency memoranda or letters.  *Id*.  If that threshold

requirement is met, the agency then must show that the information withheld falls within the scope

of one of three privileges: (1) the attorney-client privilege; (2) the attorney work-product privilege;

or (3) the deliberative process privilege.  *See Coastal States Gas Corp. v. Dep't of Energy*, 617

F.2d 854, 862 (D.C. Cir. 1980).  In addition, under FOIA's foreseeable harm provision, 5 U.S.C.

§ 552(a)(8)(A)(i), an agency withholding information under this discretionary exemption also

must demonstrate that it is reasonably foreseeable that harm to an interest protected by the cited

exemption would flow from disclosure of the requested material.

#### *Deliberative Process Privilege*

Plaintiffs anticipate challenging certain of Defendant's withholdings under the deliberative

process privilege.  To properly withhold records under the deliberative process privilege, the

---

[1]     As stated in Defendant's Pre-Motion Statement, ECF No. 23, Plaintiffs do not challenge the
sufficiency of Defendant's search for records nor Defendant's claims of Exemption 6 or 7(E).

agency must demonstrate that the records are both "predecisional"—*i.e.*, generated before the adoption of an agency policy—and (2) "deliberative"—*i.e.*, reflecting "the give-and-take of the consultative process." *Coastal States*, 617 F.2d at 866.

Plaintiffs anticipate challenging at least some of the Department's withholdings under the deliberative process privilege on the grounds that the information withheld either is not deliberative in nature and/or has lost its predecisional status, and thus, falls outside the scope of the privilege.  For example, several of Defendant's withholdings are of merely factual information—as opposed to deliberative discussion—and "[f]actual material that does not reveal the deliberative process is not protected by" Exemption 5.  *Morley v. CIA*, 508 F.3d 1108, 1127 (D.C. Cir. 2007).  And other withheld information encapsulates an "operative agency decision or policy," *100Reporters v. Dep't of State*, No. CV 19-1753 (RDM), 2022 WL 1223709, at *11 (D.D.C. Apr. 26, 2022), as opposed to "the give-and-take of the consultative process," *Coastal States*, 617 F.2d at 866, and thus cannot properly be withheld.

Further, Plaintiffs anticipate arguing that Defendant has not demonstrated—and cannot demonstrate—that it is reasonably foreseeable that disclosure of the withheld material would result in harm.  As the D.C. Circuit explained in *Reporters Committee for Freedom of the Press v. FBI*:

> In the context of withholdings made under the deliberative process privilege, the foreseeability requirement means that agencies must concretely explain how disclosure "would"—not "could"—adversely impair internal deliberations. A "perfunctory state[ment] that disclosure of all the withheld information—regardless of category or substance—would jeopardize the free exchange of information between senior leaders within and outside of the [agency]" will not suffice.  Instead, what is needed is a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward.

3 F.4th 350, 369–70 (D.C. Cir. 2021) (citations omitted).  Plaintiffs intend to argue that Defendant has not made this showing—and cannot satisfy this requirement here.

*Attorney-Client Privilege*

A communication is protected by the attorney-client privilege if its primary purpose is to provide "(i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *Competitive Enter. Inst. v. Envtl. Prot. Agency*, 232 F. Supp. 3d 172, 184 (D.D.C. 2017) (internal quotations and citations omitted).  Confidentiality is "a fundamental prerequisite to assertion of the [attorney-client] privilege." *Coastal States*, 617 F.2d at 863.  Confidentiality is required at the time of the communication and must be maintained thereafter for the privilege to apply.  *Id*.

Here, while Defendant has informed Plaintiffs and the Court that certain of the withheld material "implicated communications between OFCCP and various attorneys within [DOL] regarding legal advice about various issues, including questions relating to implementing the religious exemption, legal issues associated with inquiries from the public and Congress, refining language in various documents, as well as inquiries regarding its authority to engage in certain actions[,]" Def.'s Pre-Mot. Statement, ECF No. 23, Defendant will be required to demonstrate for each communication withheld under a claim of attorney-client privilege that confidentiality between the attorney and client existed at the time of the communication and at all times thereafter.

Dated: August 1, 2022

Respectfully submitted,

*/s/ Katie Townsend*
_____
Katie Townsend
D.C. Bar No. 1026115
Adam A. Marshall
D.C. Bar No. 1029423
Gunita Singh
D.C. Bar No. 1601923
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005

Phone: 202.795.9303
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org
Email: amarshall@rcfp.org
Email: gsingh@rcfp.org

*Counsel for Plaintiffs*