UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WASHINGTON BLADE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> )      Case No. 20-cv-2591 (RDM) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56(c) and LCvR 7(h), the Department of Labor ("Defendant"), by and through undersigned counsel, respectfully submits this Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment in response to the Complaint filed by Washington Blade, *et al*. ("Plaintiffs").   In support, Defendant avers the following:

1.      Plaintiffs submitted a FOIA request for "all emails to and from the persons in the roles of director, deputy director and director of policy including the words 'religion' or 'religious' from Jan. 20, 2017 to Aug. 30, 2019."  ECF No. 1 at 3 ¶ 9; *see also* Declaration of Kier Bickerstaff at 1 ¶ 2 ("Bickerstaff Decl.").

2.      Plaintiffs "agreed to DOL's request to limit its search to the body of emails and not attachments."  Pl's Comp. at 3 ¶ 13.  "From December 10, 2020, to January 31, 2021, the Department produced responsive records on a rolling basis."  Bickerstaff Decl. at 1 ¶ 2.

3.      After a series of meet and confers, involving the exchange of a *Vaughn* index, resulting in Plaintiffs agreeing to limit that FOIA exemption challenges to Exemption 5,

Defendant has determined that 360 records remain challenged.  *See* Bickerstaff Decl. at 1-2 ¶¶ 2-4.[1]

4.      The Department of Labor's ("DOL") Office of Federal Contract Compliance Programs ("OFCCP") enforces Executive Order 11246, which charges the Secretary of Labor with ensuring that federal contractors "will not discriminate against any employee or applicant for employment because of race, creed, color, sex, sexual orientation, gender identity, or national origin."  *Carroll v. Office of Fed. Contract Compliance Programs*, 235 F. Supp. 3d 79, 81 (D.D.C. 2017).

5.      When OFCCP has reasonable cause to believe that a federal contractor has violated the Executive Order, OFCCP "may issue a notice requiring the contractor to show cause" why enforcement proceedings are not warranted.  *Id*.  If the contractor's response is unsatisfactory, OFCCP may refer the matter "to the Solicitor of Labor with a recommendation for the institution of administrative enforcement proceedings, which may be brought to enjoin violations, to seek appropriate relief, and to impose appropriate sanctions."  *Id*.  The Executive Order contains an exemption for religious corporations, associations, educational institutions, and societies with regard to the employment of individuals of a particular religion to perform work connected with their activities.  *See* https://www.federalregister.gov/documents/2021/11/09/2021-24376/proposal-to-rescind-implementing-legal-requirements-regarding-the-equal-opportunity-clauses (visited January 19, 2023).

---

[1]      *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (holding that an indexing system was necessary in FOIA cases to "(1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit the Court system effectively and efficiently to evaluate the factual nature of disputed information.").

6.      Of the 360 records withheld, Defendant has withheld portions of 351 documents pursuant to the deliberative process privilege.  *See* Bickerstaff Decl. at 3 ¶ 6.

7.      These documents "are part of the exchange of ideas and suggestions that accompanies all decisionmaking and reflects the preliminary assessment by DOL employees about issues on which they had to make recommendations and give advice."  *Id.*

8.      The release of these records "would undermine DOL's ability to foster the forthright, internal discussions, that are necessary for efficient and proper decision-making."  *Id.*

9.      Specifically, the records run the gamut of categories of documents ranging from information shared between Office of Legal Counsel ("OLC") and OFCCP regarding the interagency clearance process for summaries of draft legislation and Congressional Questions for the Record (QFRs) (some directed from Congress to then-Secretary Acosta); discussion of policies, guidance, and other initiatives that OFCCP was at one time considering, but ultimately did not finalize, publish, or otherwise disseminate to the public.  *See* Bickerstaff Decl. at 4.

10.     The interagency clearance process occurs when the agency proposing regulation can receive feedback from other agencies that may have equities involved, in order to arrive at a more complete proposal that avoids, to the extent possible, inadvertent negative effects on other agencies.  *See*  Bickerstaff Decl. at 5.

11.     Other categories are responses from other agencies to OFCCP during the clearance process for OFCCP's Religious Exemption Notice of Proposed Rulemaking and published in final form on August 10, 2018; DOL's internal deliberations prior to responding to constituent groups; legal advice and deliberation of legal issues associated with the Religious Exemption Directive, which is also protected by attorney-client privilege; agency deliberations regarding responses to media and contractor representatives regarding the Directive; internal

deliberations amongst regional and national office staff regarding the settlement of enforcement

actions against two federal contractors; internal deliberations, and attorney-client-privileged

communications with legal counsel regarding how to respond to a FOIA request from a civil

rights organization, etc.  *See generally* Bickerstaff Decl.

12.     For example, some of the withheld records are draft statements for press inquiries

regarding the Religious Exemption Directive prepared and circulated amongst DOL agencies,

including OFCCP.  *See* Bickerstaff Decl., Exhibit 2 ("Vaughn Index").

13.     Draft statements were sent to the Office of the Secretary for final review and

comment and reflect the back-and-forth discussions regarding what should be included or

excluded before a final statement was approved for responding to press inquiries.  *Id.*

14.     Other withheld information were OFCCP's request for legal advice from Civil

Rights and Labor-Management Division ("CRLM"), regarding issues associated with responding

to a congressional inquiry from Senator Lankford.  *See* Vaughn Index.  This information was

shared with CRLM personnel in order to obtain legal advice.  *Id.*

15.     The information was not disclosed to third parties outside of DOL and is

protected by both the deliberative and attorney-client privileges.  Still other records sought input

from  various DOL agency employees regarding a draft White House executive order.  *Id.*

16.     The withheld material consists of the Office of Legal Counsel's ("OLC")

interpretation of the White House's request as well as the sections of the order that OLC

considered potentially applicable to DOL.  *Id.*

17.     The records preceded DOL's decision regarding which sections of the proposed

Executive Order were relevant for review and what comments and concerns to raise regarding

the bill, consisting of DOL's preliminary assessment.

January 23, 2022                    Respectfully submitted,


                                    MATTHEW M. GRAVES, D.C. Bar #481052
                                    United States Attorney

                                    BRIAN P. HUDAK
                                    Chief, Civil Division

                                    By: _____/s/_____
                                    KENNETH ADEBONOJO
                                    Assistant United States Attorney
                                    United States Attorney's Office-DC
                                    601 D Street, N.W. B Civil Division
                                    Washington, D.C.  20530
                                    Telephone: (202) 252-2562