| DocID | BEG BATES No. | END BATES No. | Description - Subject | Page Count | Responsiveness | FOIA Exemptions | Basis for Withholding | Category |
|---|---|---|---|---|---|---|---|---|
| Email001715 | DOL000202 | DOL000203 | Email Subject: RE: Proposed Response for 13777 | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Portions of this document, consisting of the proposed response, was released with the June 14, 2022, reproduction. Remaining information withheld pursuant to the deliberative process privilege consists of opinion expressed by the Deputy Director of the Division of Policy and Program Development, OFCCP to the Director of the Division of Policy and Program Development regarding a report requested by OMB. Here the Director's subordinate is expressing an opinion and recommendation regarding the format and structure of the proposed OFCCP statement outlining policies OFCCP was establishing in response to Executive Order 13777; allowing the director to make a decision regarding whether or not to move forward with this method. These discussions, which occurred prior to OFCCP finalizing its report, assisted OFCCP with making a final decision regarding what information to include in the report and whether the prepared statement was appropriate. Exemption 6: withheld personnel identifiable information such as emails, names, addresses, dial-in codes to protect against unwarranted invasion of personal privacy. | A |
| Email001476 | DOL000204 | DOL000205 | Email Subject: Re: Proposed Response for 13777 | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Portions of this document, consisting of the proposed response, was released with the June 14, 2022, reproduction. Remaining information withheld pursuant to the deliberative process privilege consists of opinion expressed by the Deputy Director of the Division of Policy and Program Development, OFCCP to the Director of the Division of Policy and Program Development regarding a report requested by OMB. Here the Director's subordinate is expressing an opinion and recommendation regarding the format and structure of the proposed OFCCP statement outlining policies OFCCP was establishing in response to Executive Order 13777; allowing the director to make a decision regarding whether or not to move forward with this method. These discussions, which occurred prior to OFCCP finalizing its report, assisted OFCCP with making a final decision regarding what information to include in the report and whether the prepared statement was appropriate. | A |
| Email001708 | DOL000206 | DOL000208 | Email Subject: RE: Proposed Response for 13777 (edited) | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Portions of this document, consisting of the proposed responses, were released with the June 14, 2022, reproduction. Remaining information withheld pursuant to the deliberative process privilege consists of opinion expressed by the Deputy Director of the Division of Policy and Program Development, OFCCP to the Director of the Division of Policy and Program Development regarding a report requested by OMB. Here the Director's subordinate is expressing an opinion and recommendation regarding the format and structure of the proposed OFCCP statement outlining policies OFCCP was establishing in response to Executive Order 13777; allowing the director to make a decision regarding whether or not to move forward with this method. These discussions, which occurred prior to OFCCP finalizing its report, assisted OFCCP with making a final decision regarding what information to include in the report and whether the prepared statement was appropriate. | A |

| Email001483 | DOL000211 | DOL000212 | Email Subject: RE: EO 13777 | | 2 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld deliberative draft report prepared by the Deputy Director of the Division of Policy and Program Development, OFCCP that was sent to the Director of the Division of Policy and Program Development regarding a report requested by OMB. This statement was not final and contains edit marks indicating that it was not the final version of the statement. The draft report was prepared for review by the Director. This draft statement, which preceded the final adopted report, assisted OFCCP with making a final decision regarding what information to include in the report and whether the prepared statement was appropriate. | B |
| Email026340 | DOL000331 | DOL000331 | Email Subject: Religious Liberty Memorandum | | 1 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld portions of an email sent by the Acting OFCCP Director to two OFCCP program directors seeking feedback on a proposed email to The Solicitor, Department of Labor, seeking legal advice on how to respond to an inquiry sent by the Institute for Workplace Equality. This draft email is predecisional because it was generated prior to OFCCP making a decision regarding how to respond to the inquiry. It is deliberative because it details conversations between the Acting OFCCP Director and the program directors regarding their preliminary assessment of the issue, however, it also seeks input from SOL regarding other factors that may not have been considered. The draft email reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. This draft email was part of OFCCP decision-making regarding how to respond to the inquiry. | S |
| Email023095 | DOL000332 | DOL000332 | Email Subject: RE: Religious Liberty Memorandum | | 1 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld portions of an email sent by the Acting OFCCP Director to two OFCCP program directors seeking feedback on a proposed email to The Solicitor, Department of Labor, seeking legal advice on how to respond to an inquiry sent by the Institute for Workplace Equality. This draft email is predecisional because it was generated prior to OFCCP making a decision regarding how to respond to the inquiry. It is deliberative because it details conversations between the Acting OFCCP Director and the program directors regarding their preliminary assessment of the issue, however, it also seeks input from SOL regarding other factors that may not have been considered. The draft email reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. This draft email was part of OFCCP decision-making regarding how to respond to the inquiry. | S |
| Email027680 | DOL000333 | DOL000333 | Email Subject: RE: Religious Liberty Memorandum | | 1 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld portions of an email sent by the Acting OFCCP Director to two OFCCP program directors seeking feedback on a proposed email to The Solicitor, Department of Labor, seeking legal advice on how to respond to an inquiry sent by the Institute for Workplace Equality. This draft email is predecisional because it was generated prior to OFCCP making a decision regarding how to respond to the inquiry. It is deliberative because it details conversations between the Acting OFCCP Director and the program directors regarding their preliminary assessment of the issue, however, it also seeks input from SOL regarding other factors that may not have been considered. The draft email reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. This draft email was part of OFCCP decision-making regarding how to respond to the inquiry. | S |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email026338 | DOL000334 | DOL000334 | Email Subject: FW: Religious Liberty Memorandum | | 1 Produce - Redact | 5; Deliberative Process | Exemption 5: withheld portions of an email sent by the Acting OFCCP Director to two OFCCP program directors seeking feedback on a proposed email to The Solicitor, Department of Labor, seeking legal advice on how to respond to an inquiry sent by the Institute for Workplace Equality. This draft email is predecisional because it was generated prior to OFCCP making a decision regarding how to respond to the inquiry. It is deliberative because it details conversations between the Acting OFCCP Director and the program directors regarding their preliminary assessment of the issue, however, it also seeks input from SOL regarding other factors that may not have been considered. The draft email reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. This draft email was part of OFCCP decision-making regarding how to respond to the inquiry. | S |
| Email026329 | DOL000335 | DOL000336 | Email Subject: FW: Religious Liberty Memorandum | | 2 Produce - Redact | 5; Attorney Client; Deliberative Process | Exemption 5: withheld portions of an email sent by the Acting OFCCP Director to two OFCCP program directors seeking feedback on a proposed email to The Solicitor, Department of Labor, seeking legal advice on how to respond to an inquiry sent by the Institute for Workplace Equality. This draft email is predecisional because it was generated prior to OFCCP making a decision regarding how to respond to the inquiry. It is deliberative because it details conversations between the Acting OFCCP Director and the program directors regarding their preliminary assessment of the issue, however, it also seeks input from SOL regarding other factors that may not have been considered. The draft email reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. This draft email was part of OFCCP decision-making regarding how to respond to the inquiry. | S |
| Email035142 | DOL000505 | DOL000506 | Email Subject: FW: OFCCP question | | 2 Produce - Redact | 5; Attorney Client and Deliberative Process Privilege; 6; Personally Identifiable Information | Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal counsel in order to determine how to respond to the institute's questions. This information was only shared internally within DOL. This information, is therefore, protected by the deliberative process privilege and the attorney client privilege. | K |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email035148 | DOL000507 | DOL000508 | Email Subject: RE: OFCCP question | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of emails exchanged between the Acting OFCCP Director and OFCCP's Chief of Staff, the Director's subordinate, where the two individuals exchange ideas about how to respond to an inquiry from Senator James Lankford's office. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal counsel in order to determine how to respond to the institute's questions. This information was only shared internally within DOL. This information, is thereThis information was only shared internally within DOL. This information, is therefore, protected by the deliberative process privilege and the attorney client privilege. |
| Email033567 | DOL000509 | DOL000510 | Email Subject: RE: OFCCP question | | 2 Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. Also withheld email from the OFCCP Director of Policy and Program Development to the OFCCP Chief of Staff seeking clarification on the preliminary assessment. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. |
| Email033521 | DOL000511 | DOL000513 | Email Subject: FW: OFCCP question | | 3 Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. Also withheld email from the OFCCP Director of Policy and Program Development to the OFCCP Chief of Staff seeking clarification on the preliminary assessment. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. Also withheld email from OFCCP's legal counsel, CRLM, to OFCCP personnel referencing the same preliminary assessment. This information is also protected by the deliberative process privilege for the reasons outlined above. |

| Email035075 | DOL000514 | DOL000515 | Email Subject: RE: OFCCP question | | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Exemption 5: withheld portions of emails sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. Also withheld email from the OFCCP Director of Policy and Program Development to the OFCCP Chief of Staff seeking clarification on the preliminary assessment. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. | K |
|---|---|---|---|---|---|---|---|---|
| Email033568 | DOL000516 | DOL000517 | Email Subject: Re: OFCCP question | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of emails exchanged between the Acting OFCCP Director and OFCCP's Chief of Staff, the Director's subordinate, where the two individuals exchange ideas about how to respond to an inquiry from Senator James Lankford's office. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal counsel in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. | K |
| Email035139 | DOL000518 | DOL000519 | Email Subject: RE: OFCCP question | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. Also withheld portions of email exchange between the OFCCP Director of Policy and Program Development to the OFCCP Chief of Staff regarding which guidance was actually applicable. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. | K |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email033566 | DOL000520 | DOL000521 | Email Subject: RE: OFCCP question | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. Also withheld portions of email exchange between the OFCCP Director of Policy and Program Development to the OFCCP Chief of Staff regarding which guidance was actually applicable. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. | K |
| Email035138 | DOL000522 | DOL000523 | Email Subject: RE: OFCCP question | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. Also withheld portions of email exchange between the OFCCP Director of Policy and Program Development to the OFCCP Chief of Staff regarding which guidance was actually applicable. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. | K |
| Email015470 | DOL000578 | DOL000580 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from Director of Enforcement to OFCCP Director, the OFCCP Director's subordinate, outlining a summary of legal research performed by CRLM, OFCCP's legal counsel, that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information was provided to the OFCCP Director, at their request, by the subordinate in order to assess how to respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. The redacted information is also protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. | Q |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email026141 | DOL000581 | DOL000583 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. | Q |
| Email027709 | DOL000584 | DOL000586 | Email Subject: FW: Questions about enforcement of EO 11246 and referrals to DOJ | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from Director of Enforcement to her superior, an OFCCP Deputy Director, outlining her position on why two cases were referred to DOJ in order to assist OFCCP with determining how to respond to a Buzzfeed inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. It also helped the Deputy Director with determining which information to include in the total list of cases referred to ELS. This information is, therefore, protected by the deliberative process privilege. | Q |
| Email026162 | DOL000587 | DOL000589 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties outside of DOL, therefore, at all times it remained confidential and privileged. | Q |
| Email027463 | DOL000593 | DOL000595 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. | Q |

| | | | Email Subject | | Produce - Redact | Exemptions | Description | |
|---|---|---|---|---|---|---|---|---|
| Email031253 | DOL000596 | DOL000598 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. | Q |
| Email026280 | DOL000599 | DOL000601 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld draft response prepared by OPA on the behalf of OFCCP that was provided to OFCCP for review pursuant to the deliberative process privilege. This draft statement, which preceded the final adopted report, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. | Q |
| Email026279 | DOL000610 | DOL000612 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld draft response prepared by OPA on the behalf of OFCCP that was provided to OFCCP for review pursuant to the deliberative process privilege. This draft statement, which preceded the final adopted report, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. | Q |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email026170 | DOL000613 | DOL000616 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 4 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. | Q |
| Email026278 | DOL000617 | DOL000620 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld draft response prepared by OPA on the behalf of OFCCP that was provided to OFCCP for review pursuant to the deliberative process privilege. This draft statement, which preceded the final adopted response, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. The final statement, which was adopted, is unredacted. | Q |
| Email022824 | DOL000621 | DOL000624 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. | Q |

| Email027467 | DOL000625 | DOL000628 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. | Q |
| Email023126 | DOL000629 | DOL000632 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 4 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information; 7E; Law Enforcement Techniques, Procedures, and Guidelines | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld draft response prepared by OPA on the behalf of OFCCP that was provided to OFCCP for review pursuant to the deliberative process privilege. This draft statement, which preceded the final adopted response, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. The final statement, which was adopted, is unredacted. | Q |
| Email023104 | DOL000633 | DOL000637 | Email Subject: Re: Questions about enforcement of EO 11246 and referrals to DOJ | 5 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information; 7E; Law Enforcement Techniques, Procedures, and Guidelines | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld draft response prepared by OPA on the behalf of OFCCP that was provided to OFCCP for review pursuant to the deliberative process privilege. This draft statement, which preceded the final adopted response, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. The final statement, which was adopted, is unredacted. | Q |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld draft response prepared by OPA on the behalf of OFCCP that was provided to OFCCP for review pursuant to the deliberative process privilege. This draft statement, which preceded the final adopted response, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. The final statement, which was adopted, is unredacted. | |
| Email023101 | DOL000638 | DOL000642 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Q |
| | | | | | | | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. |
| Email026169 | DOL000643 | DOL000646 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 4 Produce - Redact | 6; Personally Identifiable Information; 7E; Law Enforcement Techniques, Procedures, and Guidelines | Q |
| | | | | | | | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. |
| Email026145 | DOL000651 | DOL000655 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 5 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information; 7E; Law Enforcement Techniques, Procedures, and Guidelines | |

| Email026168 | DOL000656 | DOL000660 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 5 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. | Q |
| Email026167 | DOL000661 | DOL000665 | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | | 5 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. | Q |
| Email027465 | DOL000666 | DOL000670 | Email Subject: Re: Questions about enforcement of EO 11246 and referrals to DOJ | | 5 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. | Q |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email027464 | DOL000671 | DOL000675 | | Email Subject: Re: Questions about enforcement of EO 11246 and referrals to DOJ | 5 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. | Q |
| Email023091 | DOL000676 | DOL000680 | | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information; 7E; Law Enforcement Techniques, Procedures, and Guidelines | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. | Q |
| Email026166 | DOL000681 | DOL000685 | | Email Subject: RE: Questions about enforcement of EO 11246 and referrals to DOJ | 5 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from CRLM, OFCCP's legal counsel, outlining a summary of legal research that would assist OFCCP with responding to an inquiry from Buzzfeed about how many cases OFCCP refers to ELS and associated data. The redacted information is protected by the attorney client privilege because it consists of OFCCP's legal counsel providing advice about legal matters associated with the request. This information was only provided to OFCCP and not shared with third parties, therefore, at all times it remained confidential and privileged. Also withheld communications associated with inquiry from OFCCP, seeking clarification about the information that CRLM provided. This information is also protected by attorney client privilege because it allowed CRLM to flesh out its advice. All of this information is also protected by the deliberative process privilege because it was part of OFCCP's process for determining how to respond to the Buzzfeed inquiry, and preceded the final decision regarding how to ultimately respond to the inquiry. Exemption 6: withheld personnel identifiable information such as emails, names, addresses, dial-in codes to protect against unwarranted invasion of personal privacy. | Q |

| Email008015 | DOL000731 | DOL000733 | Email Subject: Due 4pm on Friday, December 22 (Email #1 of 2): OMB request for views on H.R. 4508, Promoting Real Opportunity, Success, and Prosperity through Education Reform (PROSPER) Act | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication from an attorney from the Office of Legal Counsel (OLC), SOL, seeking various DOL agency employee's input regarding H. R. 4508, the Promoting Real Opportunity, Success, and Prosperity through Education Reform (PROSPER) Act. This review of the proposed legislation was prompted by the Office of Management and Budget's request that the Department review the bill. The withheld material consists of OLC interpretation of the ask as well as the sections of the bill that OLC considered potentially applicable to the Department. The email indicates that OLC's review is still under review and not complete, therefore, there could be additional sections that DOL could be required to opine upon. The various DOL stakeholders who were also asked to review the legislation could further determine that other sections were of importance to the Department. This document, which preceded the Department decision regarding which sections of the bill were relevant for review and what comments and concerns to raise regarding the bill, consist of DOL's preliminary assessment. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email018146 | DOL000775 | DOL000776 | Email Subject: Draft Letter to Senator Lankford | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Email015856 | DOL000777 | DOL000778 | Email Subject: RE: Draft Letter to Senator Lankford | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Email015854 | DOL000779 | DOL000780 | Email Subject: RE: Draft Letter to Senator Lankford | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Email018295 | DOL000781 | DOL000782 | Email Subject: RE: Draft Letter to Senator Lankford | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Email015850 | DOL000783 | DOL000785 | Email Subject: Re: Draft Letter to Senator Lankford | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email015847 | DOL000786 | DOL000787 | Email Subject: RE: Draft Letter to Senator Lankford | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Email018263 | DOL000959 | DOL000960 | Email Subject: Memorandum re: proposed letter from OFCCP Director to Senator Lankford | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft memorandum prepared by an OFCCP Senior Advisor that was sent to the OFCCP Director for review. The draft memorandum was not in final form and was part of the deliberation what information it should include in the document and how to structure it. This draft statement, which preceded the final adopted memorandum, assisted OFCCP with making a final decision regarding whether it needed to send a second response to Senator Lankford's inquiry. Consequently, the information is protected by the deliberative process privilege. | K |
| Email006962 | DOL001022 | DOL001023 | Email Subject: FW: DUE 2pm MON 1/8: Draft QFR Responses of Secretary Acosta following Nov 2017 hearing of House Ed & Workforce on DOL Policies and Priorities | | 2 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld email communication from a secretary within the Office of the Secretary, DOL, to an OFCCP official regarding a draft questions for the record (QFRs) prepared by Secretary Acosta's office about various DOL issues, rulemaking, compliance efforts, and initiatives. The withheld material consist of major subject areas that QFR, which was still being reviewed by agency officials in the manner prescribed in this email, covered. As the QFR was in draft stages and not final, it necessitates that any information pulled from the draft document in order to assess which topics should be discussed in the QFR and to finalize the QFR would enjoy the same treatment as the draft QFR. Moreover, because the withheld material was used to decide what to include the final version of the QFR, it is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email027585 | DOL001162 | DOL001163 | Email Subject: RE: 48 - OFCCP - Budget and EEOC | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small subset of internal communication between the Director of the Division of Policy and Program Development (DPPD) and the Acting OFCCP Director. The Acting Director sought information regarding a potential EEOC and OFCCP merger that ultimately did not occur in order to prepare for a hearing. The information provided by the Acting OFCCP Director subordinate consists of advice and recommendation regarding issues that may arise if the merger occurred. Ultimately, as indicated in the email, the Acting Director was provided with a response that was prepared for a QFR that was generated in September of 2017 that was utilized instead. The subordinate's recommendation to the Acting OFCCP Director assisted him with determining how to respond to any questions regarding a possible EEOC and OFCCP merger. The redacted information, therefore, is pre-decisional and deliberative and protected by the deliberative process privilege of Exemption 5. | E |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email026328 | DOL001164 | DOL001165 | Email Subject: Re: 48 - OFCCP - Budget and EEOC | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small subset of internal communication between the Director of the Division of Policy and Program Development (DPPD) and the Acting OFCCP Director. The Acting Director sought information regarding a potential EEOC and OFCCP merger that ultimately did not occur in order to prepare for a hearing. The information provided by the Acting OFCCP Director subordinate consists of advice and recommendation regarding issues that may arise if the merger occurred. Ultimately, as indicated in the email, the Acting Director was provided with a response that was prepared for a QFR that was generated in September of 2017 that was utilized instead. The subordinate's recommendation to the Acting OFCCP Director assisted him with determining how to respond to any questions regarding a possible EEOC and OFCCP merger. The redacted information, therefore, is pre-decisional and deliberative and protected by the deliberative process privilege of Exemption 5. | E |
| Email018215 | DOL001193 | DOL001193 | Email Subject: Religious Exemption Q&A | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from an OFCCP Senior Advisor to the Acting OFCCP Director. The withheld information consists of draft responses to a Religious Exemption Q & A. Here the Director's subordinate is expressing an opinion and recommendation regarding how a particular question should be answered; allowing the Director to make a decision regarding what information to focus on when addressing certain questions posed by the audience. These discussions, which occurred prior to OFCCP finalizing the Q & A, assisted OFCCP with making a final decision regarding what information to include in the report and whether the prepared statement was appropriate. | S |
| Email015207 | DOL001266 | DOL001267 | Email Subject: RE: Letter to Senator Lankford | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from Deputy Director to a Senior Advisor regarding process for responding to inquiry sent by the Institute for Workplace Equality. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the final version of the response, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of how to respond to the inquiry it is protected by the deliberative process privilege. | K |
| Email033100 | DOL001308 | DOL001308 | Email Subject: FW: Meeting Set Up by Senator Lankford's Staff | | 1 Produce - Redact | 5; Attorney Client | Exemption 5: withheld information associated with OFCCP's request for legal advice from its legal counsel, CRLM, regarding an issue associated with responding to Senator Lankford's inquiry. This information was shared with CRLM personnel in order to obtain legal advice. The information was not disclosed to third parties outside of the Department. The information, therefore, is protected by both the attorney client privilege. | Not applicable |
| Email034669 | DOL001309 | DOL001309 | Email Subject: RE: Meeting Set Up by Senator Lankford's Staff | | 1 Produce - Redact | 5; Attorney Client | Exemption 5: withheld information associated with OFCCP's request for legal advice from its legal counsel, CRLM, regarding an issue associated with responding to Senator Lankford's inquiry. This information was shared with CRLM personnel in order to obtain legal advice. The information was not disclosed to third parties outside of the Department. The information, therefore, is protected by both the attorney client privilege. | Not applicable |
| Email018274 | DOL001400 | DOL001401 | Email Subject: Senator Lankford Letter - Procedural History | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative information that was sent by an OFCCP Senior Advisor to a Senior Legislative Officer, Office of Congressional and Intergovernmental Affairs, that formed part of OFCCP's response to an inquiry from Senator Lankford. The draft material was not in final form and was part of the deliberation what information it should include in the final response and how to structure it. Consequently, the information is protected by the deliberative process privilege. | K |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email007223 | DOL001443 | DOL001444 | Email Subject: For our 8:30 | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small subset of information relating to a Paperwork Reduction Act package review. The email consists of an exchange between a subordinate to the Deputy Director, DPPD, where the subordinate provides a recommendation regarding what information should be utilized to resolve any confidentiality concerns associated with the form that was under review. This communication formed part of OFCCP discussion regarding what information to include in the PRA package. This discussion which occurred prior to OFCCP finalizing the PRA package is, therefore, pre-decisional and deliberative and protected by the deliberative process privilege of Exemption 5. | J |
| Email024090 | DOL001445 | DOL001446 | Email Subject: FW: Complaint I00206842 Follow up questions | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |
| Email024021 | DOL001447 | DOL001448 | Email Subject: RE: Complaint I00206842 Follow up questions | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |
| Email024136 | DOL001449 | DOL001451 | Email Subject: RE: Complaint I00206842 Follow up questions | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |
| Email026356 | DOL001452 | DOL001454 | Email Subject: RE: Complaint I00206842 Follow up questions | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email02635S | DOL00145S | DOL001457 | Email Subject: RE: Complaint I00206842 Follow up questions | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |
| Email024123 | DOL001458 | DOL001460 | Email Subject: RE: Complaint I00206842 Follow up questions | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |
| Email024120 | DOL001461 | DOL001463 | Email Subject: RE: Complaint I00206842 Follow up questions | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication between Equal Opportunity Compliance Officer, a subordinate employee, and the Director of Enforcement. The withheld information consists of the two employees internal deliberative discussions regarding how to handle a complaint. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to the complaint and is protected by the deliberative process privilege. | L |
| Email025997 | DOL001467 | DOL001467 | Email Subject: RE: Urgent: OSEC Chief Counsel | | 1 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding interpretation of statutory laws pertaining to the religious exemption. An attorney from CRLM provided the advice to the client, OFCCP, based on a request that CRLM provide its interpretation of the applicable statutory language. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | Not applicable |
| Email025996 | DOL001469 | DOL001470 | Email Subject: RE: Urgent: OSEC Chief Counsel | | 2 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding interpretation of statutory laws pertaining to the religious exemption. An attorney from CRLM provided the advice to the client, OFCCP, based on a request that CRLM provide its interpretation of the applicable statutory language. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | Not applicable |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email014813 | DOL001873 | DOL001875 | Email Subject: FW: ACLU FOIA litigation - FYI | | 3 | Produce - Redact | 2; 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding strategies for processing the ACLU FOIA request. An attorney from CRLM provided the advice to the client, OFCCP, based on a request that CRLM assist OFCCP with determining how to process the request. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | Not applicable |
| Email014723 | DOL001876 | DOL001878 | Email Subject: RE: ACLU FOIA litigation - FYI | | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding strategies for processing the ACLU FOIA request. An attorney from CRLM provided the advice to the client, OFCCP, based on a request that CRLM assist OFCCP with determining how to process the request. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney-client privilege. This information is protected by the attorney-client privilege. | N |
| Email025904 | DOL001879 | DOL001881 | Email Subject: RE: ACLU FOIA litigation - Search Results | | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding strategies for processing the ACLU FOIA request. Also withheld information that CLRM was provided in order to prepare the legal advice. An attorney from CRLM provided the advice to the client, OFCCP personnel, based on a request that CRLM assist OFCCP with determining how to process the request. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | N |
| Email015966 | DOL001882 | DOL001883 | Email Subject: FOIA ACLU Amiri 837867 - Follow Up | | 2 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld deliberative discussion between OFCCP personnel regarding how to process a FOIA request. The redacted information reflects the back-and-forth discussions that occur between agency personnel and disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | N |
| Email025907 | DOL001884 | DOL001885 | Email Subject: RE: FOIA ACLU Amiri 837867 - Follow Up | | 2 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld deliberative discussion between OFCCP personnel regarding how to process a FOIA request. The redacted information reflects the back-and-forth discussions that occur between agency personnel and disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | N |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email034551 | DOL001886 | DOL001887 | Email Subject: RE: FOIA ACLU Amiri 837867 - Follow Up | | 2 Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld deliberative discussion between OFCCP personnel regarding how to process a FOIA request. The redacted information reflects the back-and-forth discussions that occur between agency personnel and disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | N |
| Email014975 | DOL001888 | DOL001889 | Email Subject: RE: FOIA ACLU Amiri 837867 - Follow Up | | 2 Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld deliberative discussion between OFCCP personnel regarding how to process a FOIA request. The redacted information reflects the back-and-forth discussions that occur between agency personnel and disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | N |
| Email021618 | DOL001952 | DOL001953 | Email Subject: QFRs | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of deliberative draft FAQ regarding the impact of OFCCP and the EEOC merging. This draft FAQ was not final and was part of the deliberation regarding what should be included in, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | E |
| Email019081 | DOL001954 | DOL001955 | Email Subject: QFR - Next Draft - 10:12am | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft FAQ regarding the impact of OFCCP and the EEOC merging. This draft FAQ was not final and was part of the deliberation regarding what should be included in, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | E |
| Email021619 | DOL001956 | DOL001957 | Email Subject: QFR - Next Draft - 10:12am | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft Questions for the Record (QFR) regarding the impact of OFCCP and the EEOC merging. This draft FAQ was not final and was part of the deliberation regarding what should be included in, how it should be formatted, and what should be excluded from it. The draft answers were also not adopted as written. Therefore, producing the draft would creation regarding the agency's position on the various questions posed in Questions for the Record (QFR). The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | E |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email021269 | DOL001958 | DOL001960 | Email Subject: Fwd: QFR - Next Draft - 10:12am | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative draft Questions for the Record (QFR) regarding the impact of OFCCP and the EEOC merging. This draft FAQ was not final and was part of the deliberation regarding what should be included in, how it should be formatted, and what should be excluded from it. The draft answers were also not adopted as written. Therefore, producing the draft would creation regarding the agency's position on the various questions posed in Questions for the Record (QFR). The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. Also withheld deliberative discussions between an OFCCP Deputy Director and the Director of Enforcement regarding what content should be included in QFR. This information is also protected by the deliberative process privilege for the reasons outlined above. | E |
| Email017969 | DOL002006 | DOL002006 | Email Subject: Draft Directive on Religious Exemption | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email017963 | DOL002007 | DOL002007 | Email Subject: FW: Draft Directive on Religious Exemption | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. Also withheld deliberative discussions between the OFCCP Director and an Acting Deputy Director regarding whether or not to move forward with a certain project and the best method for moving forward with that project. This information preceded the decision to move forward with the project and was critical in shaping the path forward for the project. Information of this nature is also protected by the deliberative process privilege of Exemption 5. | H |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email014613 | DOL002008 | DOL002008 | Email Subject: RE: Draft Directive on Religious Exemption | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. The first subset of withheld material consists of an opinion from the Acting OFCCP Director regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. The second subset of withheld information consist of a communication from a CRLM attorney regarding the appropriate process for reviewing the directive. The communications preceded the adoption of the final directive and are, therefore, predecisional. The communications are deliberative because they facilitated discussions about what should be included and excluded from the directive as well as the appropriate process for reviewing the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email017946 | DOL002009 | DOL002010 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. The first subset of withheld material consists of a opinions from the Acting OFCCP Director regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. The second subset of withheld information consist of communication from a CRLM attorney regarding the appropriate process for reviewing the directive. The communications preceded the adoption of the final directive and are, therefore, predecisional. The communications are deliberative because they facilitated discussions about what should be included and excluded from the directive as well as the appropriate process for reviewing the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email014609 | DOL002011 | DOL002011 | Email Subject: RE: Draft Directive on Religious Exemption | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017962 | DOL002012 | DOL002013 | Email Subject: FW: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. Also withheld deliberative discussions between the OFCCP Director and an Acting Deputy Director and Director of DPPD regarding whether or not to move forward with a certain project and the best method for moving forward with that project. This information preceded the decision to move forward with the project and was critical in shaping the path forward for the project. Information of this nature is also protected by the deliberative process privilege of Exemption 5. H |
| Email014612 | DOL002014 | DOL002015 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. Also withheld deliberative discussions between the OFCCP Director and an Acting Deputy Director and Director of DPPD regarding whether or not to move forward with a certain project and the best method for moving forward with that project. This information preceded the decision to move forward with the project and was critical in shaping the path forward for the project. Information of this nature is also protected by the deliberative process privilege of Exemption 5. H |
| Email017943 | DOL002016 | DOL002017 | Email Subject: RE: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. The first subset of withheld material consists of a opinions from the Acting OFCCP Director regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. The second subset of withheld information consist of communication from a CRLM attorney regarding the appropriate process for reviewing the directive. The communications preceded the adoption of the final directive and are, therefore, predecisional. The communications are deliberative because they facilitated discussions about what should be included and excluded from the directive as well as the appropriate process for reviewing the directive. The information is, therefore, protected by the deliberative process privilege. H |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017941 | DOL002018 | DOL002019 | Email Subject: FW: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. This communication is, therefore, protected by the deliberative process privilege. H |
| Email017940 | DOL002020 | DOL002021 | Email Subject: RE: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. H |
| Email017927 | DOL002022 | DOL002023 | Email Subject: RE: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. H |
| Email014596 | DOL002024 | DOL002025 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. H |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017904 | DOL002026 | DOL002027 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. Also withheld communication from OFCCP Acting Director regarding additional sections and language that could be added to the directive. These communications preceded the adoption of the final directive and are, therefore, predecisional. These communications are deliberative because they facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email017902 | DOL002028 | DOL002029 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. Also withheld communications from OFCCP Acting Director regarding additional sections and language that could be added to the directive. These communications preceded the adoption of the final directive and are, therefore, predecisional. These communications are deliberative because they facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email014597 | DOL002030 | DOL002031 | Email Subject: RE: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email017924 | DOL002032 | DOL002033 | Email Subject: FW: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email018403 | DOL002034 | DOL002035 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email014590 | DOL002036 | DOL002037 | Email Subject: Re: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. Also withheld communication from OFCCP Acting Director and the Acting Deputy Director regarding additional sections and language that could be added to the directive. These communications preceded the adoption of the final directive and are, therefore, predecisional. These communications are deliberative because they facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email017930 | DOL002038 | DOL002039 | Email Subject: RE: Draft Directive on Religious Exemption | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email017899 | DOL002058 | DOL002059 | Email Subject: RE: Focused Reviews Directive | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative comment from OFCCP Director to a CRLM attorney and other OFCCP employees regarding the potential scope of the Focused Review directive that was under review. The withheld material contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. The withheld comment preceded the adoption of the final iteration of the Focused Review Directive. Consequently, the information falls squarely within the deliberative process privilege. | U |
| Email014591 | DOL002067 | DOL002067 | Email Subject: Re: Focused Reviews Directive | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding draft directive on Focused Reviews. The withheld communication consists of a question posed by the Director of Programs Operations, a subordinate, to the OFCCP Acting Director that influenced the type of information included in the directive as well as required the director to make a decision regarding how focus reviews would be structured. The withheld material contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. Consequently, the information falls squarely within the deliberative process privilege. | U |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email014588 | DOL002068 | DOL002068 | Email Subject: Re: Focused Reviews Directive | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding draft directive on Focused Reviews. The withheld communication consists of a question posed by the Director of Programs Operations, a subordinate, to the OFCCP Acting Director that influenced the type of information included in the directive as well as required the director to make a decision regarding how focus reviews would be structured. The withheld material contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. Consequently, the information falls squarely within the deliberative process privilege. | U |
| Email022563 | DOL002069 | DOL002069 | Email Subject: RE: Focused Reviews Directive | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding draft directive on Focused Reviews. The withheld communication consist of a question posed by the Director of Programs Operations, a subordinate, to the OFCCP Acting Director as well as additional information later provided that influenced the type of information included in the directive as well as required the director to make a decision regarding how focus reviews would be structured. The withheld material contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. Consequently, the information falls squarely within the deliberative process privilege. | U |
| Email017908 | DOL002070 | DOL002070 | Email Subject: Re: Focused Reviews Directive | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding draft directive on Focused Reviews. The withheld communication consists of a question posed by the Director of Programs Operations, a subordinate, to the OFCCP Acting Director that influenced the type of information included in the directive as well as required the director to make a decision regarding how focus reviews would be structured. The withheld material contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. Consequently, the information falls squarely within the deliberative process privilege. | U |
| Email014525 | DOL002071 | DOL002072 | Email Subject: RE: Directive on EEO.8.8.18.evening | | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel and their legal counsel, CRLM, regarding whether certain information in a draft directive contained appropriate interpretation of cases, law, and applicable regulations. This email contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. This information is therefore protected by the deliberative process privilege. Some of the withheld information also consists of legal advice from CRLM attorneys regarding how OFCCP should interpret certain legal provisions. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | G |
| Email017879 | DOL002073 | DOL002074 | Email Subject: RE: Directive on EEO.8.8.18.evening | | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel and their legal counsel, CRLM, regarding whether certain information in a draft directive contained appropriate interpretation of cases, law, and applicable regulations. This email contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. This information is therefore protected by the deliberative process privilege. Some of the withheld information also consists of legal advice from CRLM attorneys regarding how OFCCP should interpret certain legal provisions. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | G |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email014518 | DOL002075 | DOL002077 | Email Subject: RE: Directive on EEO.8.8.18.evening | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel and their legal counsel, CRLM, regarding whether certain information in a draft directive contained appropriate interpretation of cases, law, and applicable regulations. This email contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. This information is therefore protected by the deliberative process privilege. Some of the withheld information also consists of legal advice from CRLM attorneys regarding how OFCCP should interpret certain legal provisions. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | G |
| Email025954 | DOL002139 | DOL002139 | Email Subject: RE: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel regarding how two new policy directives that OFCCP issued may impact a case. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |
| Email025953 | DOL002143 | DOL002144 | Email Subject: RE: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from an Equal Opportunity Specialist to the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |
| Email025955 | DOL002145 | DOL002146 | Email Subject: RE: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from a Compliance Officer to the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. The withheld material assisted OFCCP leadership with addressing and determining appropriate responses for novel issues OFCCP compliance officers could face when implementing the directives. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |
| Email025952 | DOL002151 | DOL002152 | Email Subject: RE: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between a Compliance Officer and the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. The withheld material assisted OFCCP leadership with addressing and determining appropriate responses for novel issues OFCCP compliance officers could face when implementing the directives. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |

| Email025951 | DOL002153 | DOL002154 | Email Subject: FW: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between a Compliance Officer and the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. The withheld material assisted OFCCP leadership with addressing and determining appropriate responses for novel issues OFCCP compliance officers could face when implementing the directives. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |
| Email022561 | DOL002155 | DOL002156 | Email Subject: RE: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between a Compliance Officer and the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. The withheld material assisted OFCCP leadership with addressing and determining appropriate responses for novel issues OFCCP compliance officers could face when implementing the directives. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |
| Email014469 | DOL002252 | DOL002252 | Email Subject: Religious Exemption | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. | |
| Email017907 | DOL002253 | DOL002254 | Email Subject: RE: Religious Exemption | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development (DPPD) to the Acting OFCCP Director indicating recommendations regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. The second communication between the two individuals consist of the Acting OFCCP Director proposed response, which was ultimately not adopted because of concerns raised by the Director of DPPD. Again this information assisted OFCCP with determining how to respond to the contractor group inquiry. Releasing this second subset of information would cause public confusion. Therefore, this information is also protected by the deliberative process privilege. | I |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | Exemption 5: withheld communications between the Director of the Division of Policy and Program Development (DPPD) to the Acting OFCCP Director indicating recommendations regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. The second communication between the two individuals consist of the Acting OFCCP Director proposed response, which was ultimately not adopted because of concerns raised by the Director of DPPD. Again, this information assisted OFCCP with determining how to respond to the contractor group inquiry. Releasing this second subset of information would cause public confusion. Therefore, this information is also protected by the deliberative process privilege. | |
| Email014587 | DOL002255 | DOL002256 | Email Subject: Re: Religious Exemption | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | |
| | | | | | | Exemption 5: withheld communications between the Director of the Division of Policy and Program Development (DPPD) to the Acting OFCCP Director indicating recommendations regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. The second communication between the two individuals consist of the Acting OFCCP Director proposed response, which was ultimately not adopted because of concerns raised by the Director of DPPD. Again, this information assisted OFCCP with determining how to respond to the contractor group inquiry. Releasing this second subset of information would cause public confusion. Therefore, this information is also protected by the deliberative process privilege. | |
| Email014580 | DOL002257 | DOL002258 | Email Subject: Re: Religious Exemption | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | |
| | | | | | | Exemption 5: withheld communications between the Director of the Division of Policy and Program Development (DPPD) to the Acting OFCCP Director indicating recommendations regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. The second communication between the two individuals consist of the Acting OFCCP Director proposed response, which was ultimately not adopted because of concerns raised by the Director of DPPD. Again, this information assisted OFCCP with determining how to respond to the contractor group inquiry. Releasing this second subset of information would cause public confusion. Therefore, this information is also protected by the deliberative process privilege. | |
| Email017903 | DOL002259 | DOL002260 | Email Subject: RE: Religious Exemption | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | |
| | | | | | | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. | |
| Email017812 | DOL002261 | DOL002261 | Email Subject: Re: Religious Exemption | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. | |
| Email014462 | DOL002262 | DOL002263 | Email Subject: RE: Religious Exemption | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | I |
| | | | | | | | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. | |
| Email017811 | DOL002264 | DOL002264 | Email Subject: Re: Religious Exemption | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | I |
| | | | | | | | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development (DPPD) to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. The second subset of redacted information consist of a communication between an attorney form CRLM and the Acting OFCCP Director regarding process for preparing response to contractor and contains advice regarding how the process should flow. This information was part of OFCCP decision-making process regarding how the inquiry should be handled. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is also protected by the deliberative process privilege as well as the attorney client privilege of Exemption 5. | |
| Email014460 | DOL002265 | DOL002265 | Email Subject: Re: Religious Exemption | | 1 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | I |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017810 | DOL002266 | DOL002266 | Email Subject: Re: Religious Exemption | | 1 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development (DPPD) to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. The second subset of redacted information consist of a communication between an attorney form CRLM and the Acting OFCCP Director regarding process for preparing response to contractor and contains advice regarding how the process should flow. This information was part of OFCCP decision-making process regarding how the inquiry should be handled. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is also protected by the deliberative process privilege as well as the attorney client privilege of Exemption 5. | I |
| Email027196 | DOL002272 | DOL002273 | Email Subject: FW: Can you call me when you have a chance? | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of email from the OFCCP Director to an employee within the Office of Public Affairs regarding a draft response to an inquiry from the public regarding the religious exemption directive. The draft response was not in final form and was part of OFCCP's process for determining what information should and should not be included in the final response. Therefore, the information is deliberative. The withheld information is predecisional because it preceded the final response that was sent to the requester. The information, therefore, is protected by the deliberative process privilege. | I |
| Email022554 | DOL002274 | DOL002274 | Email Subject: SOL Weekly 8/13 | | 1 Produce - Redact | 5; Deliberative Process | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining how to implement. Releasing the redacted information would reveal the deliberative process of the agency regarding those topics. Therefore, the redacted information is protected by the deliberative process privilege of Exemption 5. | D |
| Email014467 | DOL002275 | DOL002275 | Email Subject: Re: Religious Exemption | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Director of the Division of Policy and Program Development to the Acting OFCCP Director indicating recommendation regarding how to respond to an inquiry from a contractor group regarding the religious exemption. This recommendation assisted the Acting OFCCP Director with determining what type of response to provide to the contractor group regarding their question as well as what type of information to include in the final response. This recommendation preceded the final response, and is, therefore, pre-decisional and as it consists of the subordinate employee's subjective opinion and recommendation that could assist with making a decision it is deliberative. Consequently, the information falls squarely within the deliberative process privilege. | I |
| Email025238 | DOL002302 | DOL002303 | Email Subject: Quick Reminder - Pre-Meet Operating Plan Discussion | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from Deputy Director of the Division of Programs Operations to various OFCCP personnel regarding her recommendation for reviewing a draft Operations plan for 2019. This recommendation was part of OFCCP process for not only reviewing the relevant draft document but also for determining whether the 2019 Operations Plan was appropriate for the year. Also withheld one idea that remained under consideration. This information is predecisional because it preceded the adoption of the final 2019 Operations Plan and is deliberative because it facilitated discussion about what the operations plan should consist of. This information, is therefore, protected by the deliberative process privilege. | R |

| Email027114 | DOL002304 | DOL002305 | Email Subject: FW: Quick Reminder - Pre-Meet Operating Plan Discussion | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from Deputy Director of the Division of Programs Operations to various OFCCP personnel regarding her recommendation for reviewing a draft Operations plan for 2019. This recommendation was part of OFCCP process for not only reviewing the relevant draft document but also for determining whether the 2019 Operations Plan was appropriate for the year. Also withheld one idea that remained under consideration. This information is predecisional because it preceded the adoption of the final 2019 Operations Plan and is deliberative because it facilitated discussion about what the operations plan should consist of. This information, is therefore, protected by the deliberative process privilege. | R |
| Email032787 | DOL002306 | DOL002307 | Email Subject: FW: Quick Reminder - Pre-Meet Operating Plan Discussion | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from Deputy Director of the Division of Programs Operations to various OFCCP personnel regarding her recommendation for reviewing a draft Operations plan for 2019. This recommendation was part of OFCCP process for not only reviewing the relevant draft document but also for determining whether the 2019 Operations Plan was appropriate for the year. Also withheld one idea that remained under consideration. This information is predecisional because it preceded the adoption of the final 2019 Operations Plan and is deliberative because it facilitated discussion about what the operations plan should consist of. This information, is therefore, protected by the deliberative process privilege. | R |
| Email014453 | DOL002308 | DOL002309 | Email Subject: Re: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Exemption 6: withheld personnel identifiable information such as emails, names, addresses, dial-in codes to protect against unwarranted invasion of personal privacy. | I |
| Email017804 | DOL002310 | DOL002312 | Email Subject: RE: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that DOL could respond to the inquiry. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email014422 | DOL002313 | DOL002315 | Email Subject: Re: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from OFCCP and ASP personnel detailing one possible way that DOL could respond to the inquiry. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |
| Email017803 | DOL002316 | DOL002318 | Email Subject: FW: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that DOL could respond to the inquiry. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |
| Email017797 | DOL002319 | DOL002321 | Email Subject: Fwd: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from OFCCP and ASP personnel detailing one possible way that DOL could respond to the inquiry. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |
| Email014417 | DOL002322 | DOL002324 | Email Subject: RE: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from OFCCP and ASP personnel detailing one possible way that DOL could respond to the inquiry. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017798 | DOL002325 | DOL002327 | Email Subject: RE: TIME SENSITIVE: FW: BuzzFeed News reaching out the OFCCP religious liberty directive | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld small portion of an email from the Communications Director, Office of Public Affairs, DOL, to the Acting Assistant Secretary for Policy, ASP, DOL and OFCCP personnel where the Communications Director expressed an opinion about how to respond to an inquiry from Buzzfeed. The withheld information consists of the Communication Directors preliminary assessment of limitations that may hinder DOL's ability to fully respond to the inquiry. This preliminary assessment preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from OFCCP and ASP personnel detailing one possible way that DOL could respond to the inquiry. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. |
| Email017796 | DOL002329 | DOL002329 | Email Subject: Re: Religious Liberty directive... | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. |
| Email015721 | DOL002330 | DOL002330 | Email Subject: RE: Religious Liberty directive... | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. |
| Email018214 | DOL002331 | DOL002331 | Email Subject: RE: Religious Liberty directive... | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. |
| Email018210 | DOL002332 | DOL002333 | Email Subject: FW: Religious Liberty directive... | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email015434 | DOL002334 | DOL002335 | Email Subject: Re: Religious Liberty directive... | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | I |
| Email018200 | DOL002336 | DOL002337 | Email Subject: Re: Religious Liberty directive... | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries and deliberative because it facilitated discussions regarding how to respond to the inquiry. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | I |
| Email006101 | DOL002359 | DOL002359 | Email Subject: Sex discrimination FAQs on religion | | 1 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld communication from an Branch Chief within the Division of DPPD to the Director of DPPD inquiring and providing advice about whether certain FAQs needed to be removed from OFCCP's website. The withheld information preceded the adoption of the final decision regarding whether or not to remove the FAQs and is therefore predecisional. The withheld information is deliberative because it contains comments that facilitated discussions regarding whether or not to remove the FAQs. The withheld information, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | H |
| Email017737 | DOL002440 | DOL002440 | Email Subject: FW: Institute Request for Guidance re: Religious Freedom Directive | | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld email from OFCCP Director to two program directors indicating his preliminary assessment of an inquiry sent by the Institute for Workplace Equality regarding the religious directive. In addition to providing a preliminary assessment of the issue, the redacted material also contains requests for the lower level officials to review ideas that were raised and provide next steps for responding to the inquiry. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information, is therefore, protected by the deliberative process privilege. The withheld information reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. | I |
| Email017487 | DOL002586 | DOL002587 | Email Subject: FW: Coalition letter re: OFCCP Directive 2018-03 | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a draft response to a letter sent by the National Center for Transgender Equality regarding its concerns with the religious exemption directive. The draft response letter was not in final form and preceded the final version that was sent to the organization. Therefore, the withheld information is predecisional. The information is also deliberative because it was reviewed by multiple OFCCP members who provided comments and edits and utilized the information to make a decision regarding what information should be included in the final response to the organization. The information is, therefore, protected by the deliberative process privilege. | G |
| Email017422 | DOL002588 | DOL002589 | Email Subject: Fwd: Coalition letter re: OFCCP Directive 2018-03 | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a draft response to a letter sent by the National Center for Transgender Equality regarding its concerns with the religious exemption directive. The draft response letter was not in final form and preceded the final version that was sent to the organization. Therefore, the withheld information is predecisional. The information is also deliberative because it was reviewed by multiple OFCCP members who provided comments and edits and utilized the information to make a decision regarding what information should be included in the final response to the organization. The information is, therefore, protected by the deliberative process privilege. | G |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017417 | DOL002590 | DOL002591 | Email Subject: FW: Coalition letter re: OFCCP Directive 2018-03 | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a draft response to a letter sent by the National Center for Transgender Equality regarding its concerns with the religious exemption directive. The draft response letter was not in final form and preceded the final version that was sent to the organization. Therefore, the withheld information is predecisional. The information is also deliberative because it was reviewed by multiple OFCCP members who provided comments and edits and utilized the information to make a decision regarding what information should be included in the final response to the organization. The information is, therefore, protected by the deliberative process privilege. | G |
| Email013814 | DOL002644 | DOL002645 | Email Subject: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 2 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. | I |
| Email017337 | DOL002646 | DOL002647 | Email Subject: Re: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email013793 | DOL002648 | DOL002650 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017329 | DOL002651 | DOL002653 | Email Subject: Re: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email017328 | DOL002654 | DOL002656 | Email Subject: Re: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email013786 | DOL002657 | DOL002659 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email013776 | DOL002660 | DOL002662 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |

| Email013931 | DOL002663 | DOL002665 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email017411 | DOL002666 | DOL002668 | Email Subject: Re: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email013930 | DOL002669 | DOL002671 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |
| Email017326 | DOL002672 | DOL002674 | Email Subject: Fwd: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | I |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017325 | DOL002675 | DOL002677 | Email Subject: Re: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |
| Email022397 | DOL002678 | DOL002680 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |
| Email017410 | DOL002681 | DOL002683 | Email Subject: Fwd: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. . Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |
| Email013929 | DOL002684 | DOL002686 | Email Subject: RE: FOR APPROVAL: FW: BuzzFeed News reporting on your forthcoming regulation on religious liberty | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of an email from the Communications Director, Office of Public Affairs, DOL, to OFCCP personnel where the Communications Director expressed an opinion about how to respond to a news inquiry. The expressed opinion consist of proposed response, which was prepared by the Communication Directors and indicated her preliminary assessment of how DOL could appropriately respond to the inquiry. The withheld proposed response was not in final form and provided OFCCP with a starting ground for assessing how to respond to the inquiry. This proposed response preceded the final decision regarding how DOL should respond to the inquiry and formed a part of DOL's process for determining the best method for responding to the inquiry. This information is thus protected by the deliberative process privilege. Also withheld opinion and recommendation from an OFCCP personnel detailing one possible way that OPA could enhance the response. All these withheld communications reflect the back-and-forth consultative process between various DOL agencies that form part of the process for making decisions about various issues. For the reasons identified above, this information is also protected by the deliberative process privilege. | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email018437 | DOL002698 | DOL002698 | Email Subject: Special Assistant Weekly Report - 12Oct2018 | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from an OFCCP Special Assistant to the Director of Information noting that she would seek legal assistant from CRLM regarding a FOIA matter. The redacted information is protected by the attorney client privilege because the factual information was utilized by attorneys in CRLM in order to provide legal advice about the requested matter. The withheld material was not shared with individuals who do not work for DOL. The information is also protected by the deliberative process privilege because it consists of a subordinate providing a recommendation about whether a matter needed to be reviewed by CRLM. The Director of Information was then allowed to decide whether legal advice was truly necessary. The withheld information formed a part of OFCCP process reviewing this issue and because it preceded the final decision it is both pre-decisional and deliberative and protected by the deliberative process privilege. | N |
| Email025716 | DOL002699 | DOL002699 | Email Subject: Special Assistant Weekly Report - 12Oct2018 | | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from an OFCCP Special Assistant to the Director of Information noting that she would seek legal assistant from CRLM regarding a FOIA matter. The redacted information is protected by the attorney client privilege because the factual information was utilized by attorneys in CRLM in order to provide legal advice about the requested matter. The withheld material was not shared with individuals who do not work for DOL. The information is also protected by the deliberative process privilege because it consists of a subordinate providing a recommendation about whether a matter needed to be reviewed by CRLM. The Director of Information was then allowed to decide whether legal advice was truly necessary. The withheld information formed a part of OFCCP process reviewing this issue and because it preceded the final decision it is both pre-decisional and deliberative and protected by the deliberative process privilege. | N |
| Email009344 | DOL002770 | DOL002772 | Email Subject: RE: OFCCP Analysis | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of internal communication between an ASP employee and OFCCP regarding a draft Proposed Rule Making (NPRM). The withheld information consists of information that was deleted from the notice of proposed rulemaking. The withheld information was part of DOL's process regarding what information to include in the NPRM and what information to exclude from the notice. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information of the ongoing review of the document is deliberative. The information is therefore protected by the deliberative process privilege. | F |
| Email005375 | DOL002773 | DOL002775 | Email Subject: RE: OFCCP Analysis | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between ASP employees and OFCCP regarding a draft Religious Exemption Notice of Proposed Rule Making (NPRM). The withheld information consists of discussions regarding whether certain information should be included in the notice of proposed rulemaking. The withheld information was part of DOL's process regarding what information to include in the NPRM and what information to exclude from the notice. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | F |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | Exemption 5: withheld communications between OFCCP and CRLM, OFCCP's legal counsel, regarding a draft document draft. The draft document details OFCCP's process for identifying religious stakeholders. The document was not in final form and was provided to CRLM for legal review. The draft document includes notes and comments about whether certain information should be deleted. The draft document preceded the final adopted document and is therefore pre-decisional. The information is also deliberative because it was reviewed by multiple OFCCP members who provided comments and edits and utilized the information to make a decision regarding what information should be included in the final document. Finally, the information is also protected by the attorney client privilege because it was utilized by CRLM to provide legal advice about issues raised within the draft document as well as to determine if the document was legally sufficient. This information was not shared with entities outside of the Department. Additionally, DOL withheld internal discussion between CRLM staff regarding legal issues it identified within the document. This second subset of information is also protected by the attorney client privilege and the deliberative process privilege for the same reasons identified above. | |
| Email005112 | DOL002785 | DOL002786 | Email Subject: Fw: Stakeholder Methodology | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | | Z |
| | | | | | | | Exemption 5: withheld communications between OFCCP and CRLM, OFCCP's legal counsel, regarding a draft document draft. The draft document details OFCCP's process for identifying religious stakeholders. The document was not in final form and was provided to CRLM for legal review. The draft document includes notes and comments about whether certain information should be deleted. The draft document preceded the final adopted document and is therefore pre-decisional. The information is also deliberative because it was reviewed by multiple OFCCP members who provided comments and edits and utilized the information to make a decision regarding what information should be included in the final document. Finally, the information is also protected by the attorney client privilege because it was utilized by CRLM to provide legal advice about issues raised within the draft document as well as to determine if the document was legally sufficient. This information was not shared with entities outside of the Department. Additionally, DOL withheld internal discussion between CRLM staff regarding legal issues it identified within the document. This second subset of information is also protected by the attorney client privilege and the deliberative process privilege for the same reasons identified above. | |
| Email005111 | DOL002787 | DOL002789 | Email Subject: Re: Stakeholder Methodology | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | | Z |
| Email032408 | DOL002807 | DOL002811 | Email Subject: RE: Bloomberg Interview Proposed Questions - IMMEDIATE ACTION NEEDED | 5 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding answers to questions posed by a Bloomberg reporter who was going to interview Acting Director Craig Leen. The draft responses were not in final form and were part of the deliberation regarding how best to respond to these questions, and as such, fall within the deliberative process privilege. | I |
| Email034172 | DOL002812 | DOL002816 | Email Subject: RE: Bloomberg Interview Proposed Questions - IMMEDIATE ACTION NEEDED | 5 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding answers to questions posed by a Bloomberg reporter who was going to interview Acting Director Craig Leen. The draft responses were not in final form and were part of the deliberation regarding how best to respond to these questions, and as such, fall within the deliberative process privilege. | I |
| Email012976 | DOL002972 | DOL002973 | Email Subject: RE: Priorities to discuss at next weekly meeting | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining whether it should proceed with the idea. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding which matters it would focus on in the new year. The information is therefore deliberative and protected by the deliberative process privilege. | D |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email017074 | DOL002974 | DOL002975 | Email Subject: Re: Priorities to discuss at next weekly meeting | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining whether it should proceed with the idea. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding which matters it would focus on in the new year. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email009101 | DOL002978 | DOL002979 | Email Subject: RE: Directives/FAQs | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining whether it should proceed with the idea. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding which matters it would focus on in the new year. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email004964 | DOL002980 | DOL002981 | Email Subject: RE: Directives/FAQs | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining whether it should proceed with the idea. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding which matters it would focus on in the new year. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email004957 | DOL002982 | DOL002984 | Email Subject: RE: Directives/FAQs | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining whether it should proceed with the idea. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding which matters it would focus on in the new year. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email017052 | DOL002985 | DOL002986 | Email Subject: RE: assignment for Tuesday | | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption . The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email009300 | DOL002987 | DOL002988 | Email Subject: FW: assignment for Tuesday | | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption . The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email026709 | DOL002989 | DOL002990 | Email Subject: Fw: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withhold portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption . The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. Also withheld internal communications between two OFCCP Deputy Directors regarding whether additional information should be included in the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email023200 | DOL002991 | DOL002992 | Email Subject: FW: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withhold portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email016968 | DOL002993 | DOL002995 | Email Subject: RE: assignment for Tuesday | | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withhold portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email009270 | DOL002996 | DOL002997 | Email Subject: FW: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withhold portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. Also withheld internal communications between two OFCCP Deputy Directors regarding whether additional information should be included in the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email022220 | DOL002998 | DOL002999 | Email Subject: RE: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withhold portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email026707 | DOL003000 | DOL003001 | Email Subject: RE: assignment for Tuesday | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email018537 | DOL003002 | DOL003003 | Email Subject: Re: assignment for Tuesday | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email026737 | DOL003004 | DOL003005 | Email Subject: Re: assignment for Tuesday | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email009301 | DOL003006 | DOL003008 | Email Subject: FW: assignment for Tuesday | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email005174 | DOL003009 | DOL003010 | Email Subject: RE: assignment for Tuesday | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. Also withheld internal communications between two OFCCP Deputy Directors regarding whether additional information should be included in the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email004819 | DOL003011 | DOL003012 | Email Subject: FW: assignment for Tuesday | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. Also withheld internal communications between two OFCCP Deputy Directors regarding whether additional information should be included in the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email023198 | DOL003013 | DOL003014 | Email Subject: RE: assignment for Tuesday | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email009043 | DOL003015 | DOL003016 | Email Subject: RE: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email022219 | DOL003017 | DOL003018 | Email Subject: RE: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email004817 | DOL003019 | DOL003020 | Email Subject: RE: assignment for Tuesday | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption. The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email024449 | DOL003021 | DOL003023 | Email Subject: FW: Pre-Final - OSEC Hearing Documents [OFCCP - religious exemption] | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between CRLM attorneys regarding draft documents about various discrimination issues that are within OFCCP's purview. The documents were not in final form and were provided to CRLM for legal reviews. CRLM relied on these documents to identify legal issues and as noted by other email replies contained within this document, CRLM attorneys discussed whether certain issues should be discussed within the draft documents and whether certain information should be removed from the documents. The withheld information consists of these discussions between CRLM attorneys. Such information is protected by the deliberative process privilege because the discussions preceded the final versions of the documents and assisted OFCCP with determining what information to include in each document. The withheld information is deliberative because the internal comments exchanged between the attorneys was part of OFCCP's process for reviewing these various documents. Finally, the information is also protected by the attorney client privilege because it was utilized by CRLM to provide legal advice about issues raised within the draft document as well as to determine if the document was legally sufficient. This information was not shared with entities outside of the Department. | E |
| Email017072 | DOL003082 | DOL003082 | Email Subject: Implementation of Directives | | 1 Produce - Redact | 5; Deliberative Process | Exemption 5: withheld internal deliberative discussions between OFCCP personnel regarding the direction of future directives. The redacted information consists of ideas for future directives and were in the initial planning stage. The withheld information was part of OFCCP's process regarding whether to move forward with these initiatives and discussion surrounding how to move forward with these initiatives if OFCCP determined it was appropriate to prepare the directives. Because this discussion preceded OFCCP's decision to implement these directives, the information is pre-decisional. The information is also deliberative because it facilitated discussion between various OFCCP personnel regarding this subject and factored into OFCCP's decision-making as described above. The information, therefore, is protected by the deliberative process privilege. | X |
| Email033945 | DOL003083 | DOL003084 | Email Subject: FW: Implementation of Directives | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel regarding the direction of future directives. The redacted information consists of ideas for future directives and were in the initial planning stage. The withheld information was part of OFCCP's process regarding whether to move forward with these initiatives and discussion surrounding how to move forward with these initiatives if OFCCP determined it was appropriate to prepare the directives. Because this discussion preceded OFCCP's decision to implement these directives, the information is pre-decisional. The information is also deliberative because it facilitated discussion between various OFCCP personnel regarding this subject and factored into OFCCP's decision-making as described above. The information, therefore, is protected by the deliberative process privilege. | X |
| Email017071 | DOL003085 | DOL003086 | Email Subject: Re: Implementation of Directives | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel regarding the direction of future directives. The redacted information consists of ideas for future directives and were in the initial planning stage. The withheld information was part of OFCCP's process regarding whether to move forward with these initiatives and discussion surrounding how to move forward with these initiatives if OFCCP determined it was appropriate to prepare the directives. Because this discussion preceded OFCCP's decision to implement these directives, the information is pre-decisional. The information is also deliberative because it facilitated discussion between various OFCCP personnel regarding this subject and factored into OFCCP's decision-making as described above. The information, therefore, is protected by the deliberative process privilege. | X |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email012963 | DOL003087 | DOL003088 | Email Subject: Re: Implementation of Directives | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel regarding the direction of future directives. The redacted information consists of ideas for future directives and were in the initial planning stage. The withheld information was part of OFCCP's process regarding whether to move forward with these initiatives and discussion surrounding how to move forward with these initiatives if OFCCP determined it was appropriate to prepare the directives. Because this discussion preceded OFCCP's decision to implement these directives, the information is pre-decisional. The information is also deliberative because it facilitated discussion between various OFCCP personnel regarding this subject and factored into OFCCP's decision-making as described above. The information, therefore, is protected by the deliberative process privilege. | X |
| Email018483 | DOL003089 | DOL003090 | Email Subject: Re: Implementation of Directives | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions between OFCCP personnel regarding the direction of future directives. The redacted information consists of ideas for future directives and were in the initial planning stage. The withheld information was part of OFCCP's process regarding whether to move forward with these initiatives and discussion surrounding how to move forward with these initiatives if OFCCP determined it was appropriate to prepare the directives. Because this discussion preceded OFCCP's decision to implement these directives, the information is pre-decisional. The information is also deliberative because it facilitated discussion between various OFCCP personnel regarding this subject and factored into OFCCP's decision-making as described above. The information, therefore, is protected by the deliberative process privilege. | X |
| Email004306 | DOL003094 | DOL003095 | Email Subject: FW: DUE 10AM THUR 3/21: OMB Request for Views on H.R.5, the "Equality Act" | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Office of Legal Counsel within SOL and various DOL agencies seeking comments regarding H. R. 5, the "Equality Act." One portion of the withheld material consist of OLC interpretation of the statute and is protected by the attorney client privilege. This information was not shared outside of DOL and was provided to the various agencies to assist them with reviewing the proposed legislation. The second subset of withheld material consist of an email from a lower level OFCCP employee to the Acting OFCCP Director regarding which portions of the bill needed to be expanded and which portions needed to be removed. The withheld information facilitated discussions regarding what comments OFCCP should provide to OLC and ultimately to Congress regarding the bill and was part of the process for making that decision. The information is therefore deliberative. The information is also pre-decisional because it preceded the final comments that OFCCP provided to OLC. The information, is therefore, protected by the deliberative process privilege. | A |
| Email008790 | DOL003096 | DOL003097 | Email Subject: FW: DUE 10AM THUR 3/21: OMB Request for Views on H.R.5, the "Equality Act" | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Office of Legal Counsel within SOL and various DOL agencies seeking comments regarding H. R. 5, the "Equality Act." One portion of the withheld material consist of OLC interpretation of the statute and is protected by the attorney client privilege. This information was not shared outside of DOL and was provided to the various agencies to assist them with reviewing the proposed legislation. The second subset of withheld material consist of an email from a lower level OFCCP employee to the Acting OFCCP Director regarding which portions of the bill needed to be expanded and which portions needed to be removed. The withheld information facilitated discussions regarding what comments OFCCP should provide to OLC and ultimately to Congress regarding the bill and was part of the process for making that decision. The information is therefore deliberative. The information is also pre-decisional because it preceded the final comments that OFCCP provided to OLC. The information, is therefore, protected by the deliberative process privilege. | A |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email012331 | DOL003098 | DOL003099 | Email Subject: FW: DUE 10AM THUR 3/21: OMB Request for Views on H.R.5, the "Equality Act" | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Office of Legal Counsel within SOL and various DOL agencies seeking comments regarding H. R. 5, the "Equality Act." One portion of the withheld material consist of OLC interpretation of the statute and is protected by the attorney client privilege. This information was not shared outside of DOL and was provided to the various agencies to assist them with reviewing the proposed legislation. The second subset of withheld material consist of an email from a lower level OFCCP employee to the Acting OFCCP Director regarding which portions of the bill needed to be expanded and which portions needed to be removed. The withheld information facilitated discussions regarding what comments OFCCP should provide to OLC and ultimately to Congress regarding the bill and was part of the process for making that decision. The information is therefore deliberative. The information is also pre-decisional because it preceded the final comments that OFCCP provided to OLC. The information, is therefore, protected by the deliberative process privilege. | A |
| Email004044 | DOL003100 | DOL003102 | Email Subject: RE: DUE 10AM THUR 3/21: OMB Request for Views on H.R.5, the "Equality Act" | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Office of Legal Counsel within SOL and various DOL agencies seeking comments regarding H. R. 5, the "Equality Act." One portion of the withheld material consist of OLC interpretation of the statute and is protected by the attorney client privilege. This information was not shared outside of DOL and was provided to the various agencies to assist them with reviewing the proposed legislation. The second and third subset of withheld material consist of an email from a lower level OFCCP employee to the Acting OFCCP Director regarding which portions of the bill needed to be expanded and which portions needed to be removed. The withheld information facilitated discussions regarding what comments OFCCP should provide to OLC and ultimately to Congress regarding the bill and was part of the process for making that decision. The information is therefore deliberative. The information is also pre-decisional because it preceded the final comments that OFCCP provided to OLC. The information, is therefore, protected by the deliberative process privilege. | A |
| Email004032 | DOL003103 | DOL003107 | Email Subject: RE: DUE 10AM THUR 3/21: OMB Request for Views on H.R.5, the "Equality Act" | 5 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between the Office of Legal Counsel within SOL and various DOL agencies seeking comments regarding H. R. 5, the "Equality Act." One portion of the withheld material consist of OLC interpretation of the statute and is protected by the attorney client privilege. This information was not shared outside of DOL and was provided to the various agencies to assist them with reviewing the proposed legislation. The second subset of withheld material consist of an email from a lower level OFCCP employee to the Acting OFCCP Director regarding which portions of the bill needed to be expanded and which portions needed to be removed. The withheld information facilitated discussions regarding what comments OFCCP should provide to OLC and ultimately to Congress regarding the bill and was part of the process for making that decision. The information, is therefore, protected by the deliberative process privilege. The information is therefore deliberative. The information is also pre-decisional because it preceded the final comments that OFCCP provided to OLC. Finally, DOL withheld comments prepared by the Office of the Assistant Secretary for Administration and Management (OASAM) detailing suggested modifications to the bill that it provided to OLC. This subset of information is also protected by the deliberative process privilege for the same reason as outlined above. | A |
| Email024373 | DOL003108 | DOL003108 | Email Subject: Question on 2019-01 | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from an OFCCP Policy Branch Chief to an OFCCP Deputy Director regarding his thoughts and opinion about how to respond to a question regarding compliance reviews. As indicated in the email, the subordinate employee was unsure that he was providing an appropriate response and sought guidance from his superior regarding how to approach the situation. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | T |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email026625 | DOL003109 | DOL003109 | Email Subject: Re: Question on 2019-01 | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between an OFCCP Policy Branch Chief to an OFCCP Deputy Director regarding the Branch Chiefs thoughts and opinion about how to respond to a question regarding compliance reviews. As indicated in the email, the subordinate employee was unsure that he was providing an appropriate response and sought guidance from his superior regarding how to approach the situation. The second subset of information consists of the Deputy Director's opinion regarding what an appropriate response would consist of, however, she further indicated that the issue had to be vetted with the Solicitor's office. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | T |
| Email022126 | DOL003110 | DOL003110 | Email Subject: Re: Question on 2019-01 | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between an OFCCP Policy Branch Chief to an OFCCP Deputy Director regarding the Branch Chiefs thoughts and opinion about how to respond to a question regarding compliance reviews. As indicated in the email, the subordinate employee was unsure that he was providing an appropriate response and sought guidance from his superior regarding how to approach the situation. The second subset of information consists of the Deputy Director's opinion regarding what an appropriate response would consist of, however, she further indicated that the issue had to be vetted with the Solicitor's office. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | T |
| Email018353 | DOL003111 | DOL003112 | Email Subject: Re: Question on 2019-01 | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication between an OFCCP Policy Branch Chief to an OFCCP Deputy Director regarding the Branch Chiefs thoughts and opinion about how to respond to a question regarding compliance reviews. As indicated in the email, the subordinate employee was unsure that he was providing an appropriate response and sought guidance from his superior regarding how to approach the situation. The second subset of information consists of the Deputy Director's opinion regarding what an appropriate response would consist of, however, she further indicated that the issue had to be vetted with the Solicitor's office. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | T |
| Email026624 | DOL003113 | DOL003114 | Email Subject: Re: Question on 2019-01 | 2 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld communication between an OFCCP Policy Branch Chief to an OFCCP Deputy Director regarding the Branch Chiefs thoughts and opinion about how to respond to a question regarding compliance reviews. As indicated in the email, the subordinate employee was unsure that he was providing an appropriate response and sought guidance from his superior regarding how to approach the situation. The second subset of information consists of the Deputy Director's opinion regarding what an appropriate response would consist of, however, she further indicated that the issue had to be vetted with the Solicitor's office. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | T |
| Email012158 | DOL003124 | DOL003125 | Email Subject: Re: checking in | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from an OFCCP Deputy Director to the OFCCP Director that was initiated based on the Director's request for advice on the appropriateness of notifying certain stakeholders about the status of an OFCCP rule. The withheld material consists of the Deputy Director's assessment of the matter and opinion regarding releasing such information. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | K |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email016711 | DOL003126 | DOL003127 | Email Subject: Re: checkin in | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications from an OFCCP Deputy Director to the OFCCP Director that was initiated based on the Director's request for advice on the appropriateness of notifying certain stakeholders about the status of an OFCCP rule. The withheld material consists of the Deputy Director's assessment of the matter and opinion regarding releasing such information. The withheld information is predecisional because it preceded the final decision regarding how to approach the situation. It is also deliberative because it facilitated the exchange of ideas regarding how to resolve the question and was part of OFCCP's internal process regarding how to respond to inquiries. | K |
| Email016568 | DOL003131 | DOL003132 | Email Subject: Re: Religious Exemption Rule, Decision Memo, Talking Points and Press Release | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between an OFCCP Branch Chief and the OFCCP Director regarding revision of a draft document regarding the religious exemption rule. The first subset of information consists of the Branch Chief indicating proposed changes that could be made to the document. The second subset of information consist of the OFCCP Director's recommendation about additional information that the Branch Chief could consider including and reviewing to determine if it was appropriate to include in the document. Upon review, this recommendation was not adopted and incorporated into the document. The withheld information is pre-decisional because it preceded the final decision regarding what information should be included in the final document. It is deliberative because the comments and recommendations resulted in discussions about modifications to the draft document and was part of OFCCP's process for finalizing the document. The information is, therefore, protected by the deliberative process privilege. | V |
| Email011922 | DOL003133 | DOL003134 | Email Subject: RE: Religious Exemption Rule, Decision Memo, Talking Points and Press Release | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between an OFCCP Branch Chief and the OFCCP Director regarding revision of a draft document regarding the religious exemption rule. The first subset of information consists of the Branch Chief indicating proposed changes that could be made to the document. The second subset of information consist of the OFCCP Director's recommendation about additional information that the Branch Chief could consider including and reviewing to determine if it was appropriate to include in the document. As indicated by the Branch Chief's response to the second withheld communication, which was also withheld for the reasons described above and below, the recommendation was not adopted. The withheld information is pre-decisional because it preceded the final decision regarding what information should be included in the final document. It is deliberative because the comments and recommendations resulted in discussions about modifications to the draft document and was part of OFCCP's process for finalizing the document. The information is, therefore, protected by the deliberative process privilege. | V |
| Email012035 | DOL003135 | DOL003138 | Email Subject: RE: OFCCP Religious Exemption NPRM | | 4 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication from a Branch Chief within DPPD to the Acting OFCCP Director and other OFCCP personnel regarding proposed modifications to various documents associated with implementing the religious exemption. These documents were in draft form and the withheld communications assisted OFCCP with determining what information should be included and excluded from the documents. The information is therefore deliberative. The withheld information is predecisional because it preceded the final iterations of the various documents. This information is therefore protected by the deliberative process privilege. | V |
| Email016676 | DOL003139 | DOL003142 | Email Subject: Re: OFCCP Religious Exemption NPRM | | 4 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication from a Branch Chief within DPPD to the Acting OFCCP Director and other OFCCP personnel regarding proposed modifications to various documents associated with implementing the religious exemption. These documents were in draft form and the withheld communications assisted OFCCP with determining what information should be included and excluded from the documents. The information is therefore deliberative. The withheld information is predecisional because it preceded the final iterations of the various documents. This information is therefore protected by the deliberative process privilege. | V |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email012034 | DOL003143 | DOL003146 | Email Subject: RE: OFCCP Religious Exemption NPRM | 4 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication from a Branch Chief within DPPD to the Acting OFCCP Director and other OFCCP personnel regarding proposed modifications to various documents associated with implementing the religious exemption. These documents were in draft form and the withheld communications assisted OFCCP with determining what information should be included and excluded from the documents. The information is therefore deliberative. The withheld information is predecisional because it preceded the final iterations of the various documents. This information is therefore protected by the deliberative process privilege. | V |
| Email012025 | DOL003147 | DOL003151 | Email Subject: RE: OFCCP Religious Exemption NPRM | 5 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication from a Branch Chief within DPPD to the Acting OFCCP Director and other OFCCP personnel regarding proposed modifications to various documents associated with implementing the religious exemption. These documents were in draft form and the withheld communications assisted OFCCP with determining what information should be included and excluded from the documents. The information is therefore deliberative. The withheld information is predecisional because it preceded the final iterations of the various documents. This information is therefore protected by the deliberative process privilege. | V |
| Email016673 | DOL003152 | DOL003156 | Email Subject: Re: OFCCP Religious Exemption NPRM | 5 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication from a Branch Chief within DPPD to the Acting OFCCP Director and other OFCCP personnel regarding proposed modifications to various documents associated with implementing the religious exemption. These documents were in draft form and the withheld communications assisted OFCCP with determining what information should be included and excluded from the documents. The information is therefore deliberative. The withheld information is predecisional because it preceded the final iterations of the various documents. This information is therefore protected by the deliberative process privilege. | V |
| Email016515 | DOL003165 | DOL003166 | Email Subject: RE: Questions for the Records (QFRs) | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the OFCCP Director and OFCCP Chief of Staff regarding preparing Questions for the Records for various topics. The withheld material consists of ideas that the OFCCP Director had regarding what information should be included in each QFR which were not necessarily adopted or utilized. The withheld information is predecisional because it preceded the final iterations of the QFR. It is deliberative because it facilitated discussions regarding what OFCCP should include and exclude when preparing the various QFRs. The information is therefore protected by the deliberative process privilege. | E |
| Email033729 | DOL003167 | DOL003168 | Email Subject: FW: Questions for the Records (QFRs) | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the OFCCP Director and OFCCP Chief of Staff regarding preparing Questions for the Records for various topics. The withheld material consists of ideas that the OFCCP Director had regarding what information should be included in each QFR which were not necessarily adopted or utilized. The withheld information is predecisional because it preceded the final iterations of the QFR. It is deliberative because it facilitated discussions regarding what OFCCP should include and exclude when preparing the various QFRs. The information is therefore protected by the deliberative process privilege. | E |
| Email024861 | DOL003169 | DOL003170 | Email Subject: FW: Questions for the Records (QFRs) | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the OFCCP Director and OFCCP Chief of Staff regarding preparing Questions for the Records for various topics. The withheld material consists of ideas that the OFCCP Director had regarding what information should be included in each QFR which were not necessarily adopted or utilized. The withheld information is predecisional because it preceded the final iterations of the QFR. It is deliberative because it facilitated discussions regarding what OFCCP should include and exclude when preparing the various QFRs. The information is therefore protected by the deliberative process privilege. | E |
| Email008743 | DOL003171 | DOL003172 | Email Subject: RE: Secretary's Questions for the Records - IMMEDIATE ACTION REQUIRED | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the OFCCP Director and OFCCP Chief of Staff regarding preparing Questions for the Records for various topics. The withheld material consists of ideas that the OFCCP Director had regarding what information should be included in each QFR which were not necessarily adopted or utilized. The withheld information is predecisional because it preceded the final iterations of the QFR. It is deliberative because it facilitated discussions regarding what OFCCP should include and exclude when preparing the various QFRs. The information is therefore protected by the deliberative process privilege. | E |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email003797 | DOL003173 | DOL003174 | Email Subject: Re: Secretary's Questions for the Records - IMMEDIATE ACTION REQUIRED | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the OFCCP Director and OFCCP Chief of Staff regarding preparing Questions for the Records for various topics. The withheld material consists of ideas that the OFCCP Director had regarding what information should be included in each QFR which were not necessarily adopted or utilized. The withheld information is predecisional because it preceded the final iterations of the QFR. It is deliberative because it facilitated discussions regarding what OFCCP should include and exclude when preparing the various QFRs. The information is therefore protected by the deliberative process privilege. | E |
| Email011612 | DOL003199 | DOL003200 | Email Subject: DOL/OFCCP Religious Exemption proposed rule - RIN 1250-AA09 | | 2 Produce - Redact | 5; Deliberative Process | Exemption 5: withheld internal deliberative discussions regarding draft document prepared regarding the Religious Exemption Notice of Proposed Rule Making (NPRM). This email contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. Consequently, the information falls squarely within the deliberative process privilege. | F |
| Email003158 | DOL003201 | DOL003202 | Email Subject: RE: FAQs/ICRs | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of a list containing topics that OFCCP was deliberating over and determining whether it should proceed with the idea. The withheld information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding whether to move forward with this project and how to structure the project. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email016418 | DOL003203 | DOL003205 | Email Subject: OFCCP Public Directives and Related Implementation | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: list contains a topic that OFCCP was deliberating over and determining whether it should proceed with the idea. The withheld information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. Creating this list was also part of OFCCP's process regarding whether to move forward with this project and how to structure the project. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email016417 | DOL003206 | DOL003208 | Email Subject: FW: OFCCP Public Directives and Related Implementation | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: list contains a topic that OFCCP was deliberating over and determining whether it should proceed with the idea. Releasing the topics would reveal the deliberative process of the agency regarding those topics. Therefore, the redacted information is protected by the deliberative process privilege of Exemption 5. | D |
| Email016416 | DOL003209 | DOL003211 | Email Subject: Fwd: OFCCP Public Directives and Related Implementation | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: list contains a topic that OFCCP was deliberating over and determining whether it should proceed with the idea. Releasing the topics would reveal the deliberative process of the agency regarding those topics. Therefore, the redacted information is protected by the deliberative process privilege of Exemption 5. | D |
| Email016415 | DOL003212 | DOL003214 | Email Subject: Fwd: OFCCP Public Directives and Related Implementation | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: list contains a topic that OFCCP was deliberating over and determining whether it should proceed with the idea. Releasing the topics would reveal the deliberative process of the agency regarding those topics. Therefore, the redacted information is protected by the deliberative process privilege of Exemption 5. | D |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email016184 | DOL003268 | DOL003269 | Email Subject: Fwd: Religious Accommodations | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFCCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email016183 | DOL003270 | DOL003271 | Email Subject: FW: Religious Accommodations | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFCCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email016182 | DOL003272 | DOL003273 | Email Subject: RE: Religious Accommodations | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFCCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email011200 | DOL003274 | DOL003275 | Email Subject: RE: Religious Accommodations | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFCCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |
| Email016178 | DOL003276 | DOL003277 | Email Subject: FW: Religious Accommodations | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFCCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from the OFCCP Director seeking input from the Assistant Secretary of Policy regarding whether OFCCP should formalize its position in a FAQ. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions regarding what should be included a Religious Accommodation FAQ and was part of OFCCP process for determining its position on the issue. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email011202 | DOL003278 | DOL003279 | Email Subject: RE: Religious Accommodations | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email008385 | DOL003280 | DOL003281 | Email Subject: FW: Religious Accommodations | | 2 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |
| Email010444 | DOL003282 | DOL003284 | Email Subject: Re: Religious Accommodations | | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email010446 | DOL003285 | DOL003287 | Email Subject: Re: Religious Accommodations | | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email002873 | DOL003288 | DOL003290 | Email Subject: RE: Religious Accommodations | | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communications from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email011189 | DOL003291 | DOL003293 | Email Subject: RE: Religious Accommodations | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFFCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from a subordinate OFCCP employee who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |
| Email002867 | DOL003294 | DOL003296 | Email Subject: Re: Re: Religious Accommodations | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFFCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from a subordinate OFCCP employee who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |
| Email016104 | DOL003297 | DOL003300 | Email Subject: Re: Religious Accommodations | | 4 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFFCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from a subordinate OFCCP employee who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |
| Email011116 | DOL003301 | DOL003304 | Email Subject: RE: Religious Accommodations | | 4 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFFCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege | C |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email010382 | DOL003305 | DOL003308 | Email Subject: Re: Religious Accommodations | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email016103 | DOL003309 | DOL003312 | Email Subject: Re: Religious Accommodations | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email016005 | DOL003313 | DOL003317 | Email Subject: FW: Religious Accommodations | 5 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld requests for legal advice from the OFCCP Director as well as legal advice provided by CRLM regarding legal questions about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email016004 | DOL003318 | DOL003322 | Email Subject: FW: Religious Accommodations | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from subordinate OFCCP employees who provided their opinion regarding the matter after the OFCCP Director requested that they provide their position. The withheld material is predecisional because it preceded the adoption of the final position on this matter. The information is deliberative because it facilitated discussions about this issue and was part of OFCCP process for determining its position on the matter. Also withheld requests for legal advice from the OFCCP Director as well as legal advice provided by CRLM regarding legal questions about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email011158 | DOL003335 | DOL003336 | Email Subject: RE: Items for Monday/Tuesday | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering. Also withheld internal deliberations regarding how to set up an online help desk. The information is pre-decisional because the list and communications relating to establishing an online help desk were created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. These communications were also part of OFCCP's process regarding how to move forward with these initiatives. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email010263 | DOL003339 | DOL003340 | Email Subject: Re: Items for Monday/Tuesday | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering. Also withheld internal deliberations regarding how to set up an online help desk. The information is pre-decisional because the list and communications relating to establishing an online help desk were created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. These communications were also part of OFCCP's process regarding how to move forward with these initiatives. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email016107 | DOL003341 | DOL003342 | Email Subject: Re: Items for Monday/Tuesday | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering. Also withheld internal deliberations regarding how to set up an online help desk. The information is pre-decisional because the list and communications relating to establishing an online help desk were created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. These communications were also part of OFCCP's process regarding how to move forward with these initiatives. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email031350 | DOL003343 | DOL003344 | Email Subject: RE: Items for Monday/Tuesday | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. These communications were also part of OFCCP's process regarding how to move forward with these initiatives. The information is therefore deliberative and protected by the deliberative process privilege. | D |

| Email011147 | DOL003345 | DOL003346 | Email Subject: RE: Items for Monday/Tuesday | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering. Also withheld internal deliberations regarding how to set up an online help desk. The information is pre-decisional because the list and communications relating to establishing an online help desk were created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. These communications were also part of OFCCP's process regarding how to move forward with these initiatives. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email010261 | DOL003347 | DOL003348 | Email Subject: Re: Items for Monday/Tuesday | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering. The information is pre-decisional because the list was created prior to OFCCP decision regarding whether it would move forward with these ideas or what direction to go with these ideas. These communications were also part of OFCCP's process regarding how to move forward with these initiatives. The information is therefore deliberative and protected by the deliberative process privilege. | D |
| Email008260 | DOL003350 | DOL003350 | Email Subject: Talking Points | 1 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld communication between Deputy Director of the DPPD and an attorney within CRLM regard. The withheld communication consists of legal advice from the attorney about religious exemption directive. The withheld information was only shared within the Department. The information is protected by the attorney client privilege. | Not applicable |
| Email015702 | DOL003361 | DOL003362 | Email Subject: Fwd: OFCCP Rule | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from an OFCCP Deputy Director to the OFCCP Director voicing an opinion and seeking input regarding how to appropriately respond to an inquiry from Senator Lankford's office regarding what language would be contained in the religious exemption rule. The Deputy Director provided an opinion regarding whether it was appropriate to provide this requested information and sought the OFCCP Director opinion on the same matter. This communication preceded the final decision about this matter and is therefore predecisional. This information is deliberative because it generated discussions regarding how to appropriately respond to this inquiry and was part of OFCCP's process for determining how to respond to the inquiry. The withheld information is, therefore, protected by the deliberative process privilege. | B |
| Email012165 | DOL003434 | DOL003436 | Email Subject: RE: OFCCP legal issue | 3 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel to OFCCP regarding a matter brought to OFCCP personnel attention by the First Liberty Institute. The legal advice was only shared internally within DOL. The redacted information is protected by the attorney-client privilege. | Not applicable |
| Email012162 | DOL003439 | DOL003441 | Email Subject: RE: OFCCP legal issue | 3 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel to OFCCP regarding a matter brought to OFCCP personnel attention by the First Liberty Institute. The legal advice was only shared internally within DOL. The redacted information is protected by the attorney-client privilege. | Not applicable |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email032542 | DOL003489 | DOL003491 | Email Subject: FW: Briefing follow-up material | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |
| Email032540 | DOL003492 | DOL003494 | Email Subject: RE: Briefing follow-up material | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email011500 | DOL003495 | DOL003497 | Email Subject: RE: Briefing follow-up material | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email032435 | DOL003498 | DOL003500 | Email Subject: RE: Briefing follow-up material | | 3 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | |
| Email034217 | DOL003501 | DOL003503 | Email Subject: RE: Briefing follow-up material | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | | Z |
| | | | | | | | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | |
| Email010136 | DOL003504 | DOL003506 | Email Subject: Re: Briefing follow-up material | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | | Z |
| | | | | | | | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | |
| Email016355 | DOL003507 | DOL003509 | Email Subject: Re: Briefing follow-up material | 3 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | | Z |
| | | | | | | | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | |
| Email011496 | DOL003510 | DOL003513 | Email Subject: RE: Briefing follow-up material | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | | Z |

| Email011499 | DOL003514 | DOL003517 | Email Subject: RE: Briefing follow-up material | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email011497 | DOL003518 | DOL003521 | Email Subject: RE: Briefing follow-up material | 4 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email011493 | DOL003522 | DOL003526 | Email Subject: RE: Briefing follow-up material | 5 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email011495 | DOL003527 | DOL003530 | Email Subject: RE: Briefing follow-up material | 4 | Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email011492 | DOL003531 | DOL003535 | Email Subject: RE: Briefing follow-up material | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |
| Email011494 | DOL003536 | DOL003540 | Email Subject: RE: Briefing follow-up material | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email034090 | DOL003541 | DOL003545 | Email Subject: RE: Briefing follow-up material | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email011489 | DOL003546 | DOL003550 | Email Subject: RE: Briefing follow-up material | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email032335 | DOL003551 | DOL003555 | Email Subject: Re: Briefing follow-up material | | 5 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |

| Email032187 | DOL003556 | DOL003560 | Email Subject: RE: Briefing follow-up material | 5 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email010135 | DOL003561 | DOL003565 | Email Subject: Re: Briefing follow-up material | 5 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |
| Email016354 | DOL003566 | DOL003571 | Email Subject: Re: Briefing follow-up material | 6 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email011488 | DOL003572 | DOL003577 | Email Subject: RE: Briefing follow-up material | 6 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email032186 | DOL003578 | DOL003583 | Email Subject: RE: Briefing follow-up material | | 6 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email010923 | DOL003584 | DOL003589 | Email Subject: RE: Briefing follow-up material | | 6 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email032173 | DOL003590 | DOL003595 | Email Subject: RE: Briefing follow-up material | | 6 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email033969 | DOL003596 | DOL003601 | Email Subject: RE: Briefing follow-up material | | 6 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email010134 | DOL003602 | DOL003608 | Email Subject: Re: Briefing follow-up material | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email016035 | DOL003609 | DOL003615 | Email Subject: Re: Briefing follow-up material | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email010919 | DOL003616 | DOL003622 | Email Subject: RE: Briefing follow-up material | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email010921 | DOL003623 | DOL003629 | Email Subject: RE: Briefing follow-up material | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email032170 | DOL003630 | DOL003636 | Email Subject: RE: Briefing follow-up material - Posting Enforcement Data | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email016034 | DOL003637 | DOL003643 | Email Subject: RE: Briefing follow-up material | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email033957 | DOL003644 | DOL003650 | Email Subject: RE: Briefing follow-up material - Posting Enforcement Data | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |
| Email032165 | DOL003651 | DOL003657 | Email Subject: RE: Briefing follow-up material - Posting Enforcement Data | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. The redacted information is also protected by the attorney client privilege because it consists of information that CRLM attorney utilized in order to provide OFCCP with legal advice regarding this matter. The withheld information was only shared internally within DOL. | Z |
| Email033954 | DOL003658 | DOL003664 | Email Subject: RE: Briefing follow-up material - Posting Enforcement Data | | 7 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email010175 | DOL003697 | DOL003697 | Email Subject: Draft Directive on Religious Exemption | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
| Email010220 | DOL003703 | DOL003703 | Email Subject: FW: Institute Request for Guidance re: Religious Freedom Directive | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld email from OFCCP Director to two program directors indicating his preliminary assessment of an inquiry sent by the Institute for Workplace Equality regarding the religious directive. The withheld communication is reflective of the back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal department in order to determine how to respond to the institute's questions. This information is, therefore, protected by the deliberative process privilege. | I |
| Email010366 | DOL003724 | DOL003725 | Email Subject: RE: Questions for the Records (QFRs) | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the OFCCP Director and OFCCP Chief of Staff regarding preparing Questions for the Records for various topics. The withheld material consists of ideas that the OFCCP Director had regarding what information should be included in each QFR which were not necessarily adopted or utilized. The withheld information is predecisional because it preceded the final iterations of the QFR. It is deliberative because it facilitated discussions regarding what OFCCP should include and exclude when preparing the various QFRs. The information is therefore protected by the deliberative process privilege. | E |
| Email010367 | DOL003726 | DOL003727 | Email Subject: RE: Religious Exemption | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the Director of DPPD and the Acting OFCCP Director detailing various opinions regarding how to respond to an inquiry raised by a member of the public regarding the religious exemption. The withheld material consist of a proposed response as well as discussions about what issues the response needed to cover and whether the proposed response adequately addressed the relevant question. The withheld material is predecisional because it preceded the final response that was sent to inquirer. The information is deliberative because it facilitated discussions regarding what should be included in the final response and was part of OFCCP process for determining how to respond to the inquiry. | I |
| Email010374 | DOL003730 | DOL003731 | Email Subject: RE: Religious Exemption | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between the Director of DPPD and the Acting OFCCP Director detailing various opinions regarding how to respond to an inquiry raised by a member of the public regarding the religious exemption. The withheld material consist of a proposed response as well as discussions about what issues the response needed to cover and whether the proposed response adequately addressed the relevant question. The withheld material is predecisional because it preceded the final response that was sent to inquirer. The information is deliberative because it facilitated discussions regarding what should be included in the final response and was part of OFCCP process for determining how to respond to the inquiry. | I |

| Email010416 | DOL003736 | DOL003736 | Email Subject: Re: Draft Directive on Religious Exemption | 1 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. Withheld communication from OFCCP Acting Director regarding additional sections and language that could be added to the directive but that were not necessary added to the directive. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |
|---|---|---|---|---|---|---|---|
| Email010427 | DOL003739 | DOL003740 | Email Subject: FW: Coalition letter re: OFCCP Directive 2018-03 | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of proposed draft letter that was prepared in response to a question raised by a member of the public about the religious exemption. This draft statement, which preceded the final adopted report, assisted OFCCP with making a final decision regarding what information to include in the response and whether the prepared statement was appropriate. The withheld information is therefore predecisional and deliberative and protected by the deliberative process privilege. | G |
| Email010445 | DOL003741 | DOL003744 | Email Subject: Re: OFCCP Religious Exemption NPRM | 4 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of communication from a Branch Chief within DPPD to the Acting OFCCP Director and other OFCCP personnel regarding proposed modifications to various documents associated with implementing the religious exemption. These documents were in draft form and the withheld communications assisted OFCCP with determining what information should be included and excluded from the documents. The information is therefore deliberative. The withheld information is predecisional because it preceded the final iterations of the various documents. This information is therefore protected by the deliberative process privilege. | V |
| Email010463 | DOL003745 | DOL003746 | Email Subject: FW: Religious Accommodations | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between OFFCP personnel and CRLM, OFCCP legal counsel, regarding the best method for reviewing reasonable accommodation complaints and ensuring that contractors are providing reasonable accommodations when their employees request them. Also withheld communication from the OFCCP Director seeking input from the Assistant Secretary of Policy regarding whether OFCCP should formalize its position in a FAQ. The withheld material is predecisional because it preceded the adoption of the final position on this matter The information is deliberative because it facilitated discussions regarding what should be included a Religious Accommodation FAQ and was part of OFCCP process for determining its position on the issue. Also withheld legal advice provided by OFCCP's legal counsel regarding a legal issue raised about religious accommodation requirements. The legal advice was not shared with entities outside of DOL. This second set of information is protected by the attorney client privilege. | C |
| Email010467 | DOL003747 | DOL003748 | Email Subject: RE: Focused Reviews Directive | 2 Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld deliberative comment from OFCCP Director to a CRLM attorney and other OFCCP employees regarding the potential scope of the Focused Review directive that was under review. The withheld material contains opinions and comments that assisted OFCCP with making a final decision regarding what information it should include in the document and how to structure it. The withheld comment preceded the adoption of the final iteration of the Focused Review Directive. Consequently, the information falls squarely within the deliberative process privilege. | U |
| Email010469 | DOL003749 | DOL003750 | Email Subject: RE: Draft Directive on Religious Exemption | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. | H |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email010476 | DOL003751 | DOL003751 | Email Subject: FW: Draft Directive on Religious Exemption | 1 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. Also withheld deliberative discussions between the OFCCP Director and an Acting Deputy Director and Director of DPPD regarding whether or not to move forward with a certain project and the best method for moving forward with that project. This information preceded the decision to move forward with the project and was critical in shaping the path forward for the project. Information of this nature is also protected by the deliberative process privilege of Exemption 5. | H |
| Email010520 | DOL003752 | DOL003754 | Email Subject: RE: assignment for Tuesday | 3 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portions of internal communications between a CRLM attorney and OFCCP regarding a draft document about the religious exemption . The withheld information consists of discussions regarding whether certain information should be included in the document and other factors that CRLM should consider when revising the document. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the adoption of the final notice, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of the document it is deliberative. The information is therefore protected by the deliberative process privilege. | Z |
| Email018532 | DOL003768 | DOL003769 | Email Subject: RE: OFCCP Initiates New Policies to Ensure Equal Employment Opportunity and Protect Religious Freedom | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communications between a Compliance Officer and the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. The withheld material assisted OFCCP leadership with addressing and determining appropriate responses for novel issues OFCCP compliance officers could face when implementing the directives. The redacted information reflects the back-and-forth discussions that occur between agency personnel regarding how to resolve different issues. Disclosure would have a chilling effect on agency personnel ability to be candid when making various decisions. Therefore, the information is protected by the deliberative process privilege. | P |
| Email027957 | DOL003787 | DOL003788 | Email Subject: RE: Items for Monday/Tuesday | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal deliberative discussions regarding ideas that OFCCP and the Deputy Secretary of Labor were considering that were not finalized. Also withheld internal deliberations regarding how to set up an online help desk. Releasing the topics or the deliberative discussions would reveal the deliberative process of the agency regarding these issues. Therefore, the redacted information is protected by the deliberative process privilege of Exemption 5. | D |
| Email031215 | DOL003789 | DOL003795 | Email Subject: RE: Briefing follow-up material | 7 | Produce - Redact | 5; Attorney Client; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication between CRLM attorneys, attorneys within the Solicitor's Office Front Office, and OFCCP personnel regarding disclosure of OFCCP data. The redacted material consists of opinions and requests for opinions regarding whether certain data was public in order to assist OFCCP with determining whether such information could be shared. The redacted material is predecisional because it preceded the final decision regarding sharing the data. The information is deliberative because it was part of OFCCP's internal discussions and process for determining whether it could disclose certain data. | Z |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email001556 | DOL003806 | DOL003807 | Email Subject: FYI ONLY: JUSTICE Oversight Testimony on Hate Crimes | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication from an attorney from OLC, seeking various DOL agency employee's input, as desired, on a draft Department of Justice (DOJ) testimony related to increase in religious hate crime. This review of the proposed legislation was prompted by DOJ's request that the Department review the draft document. The withheld material consists of OLC interpretation of the draft document and whether any sections pertained to the Department. This document preceded the Department final determination regarding what comments to provide to DOJ regarding the draft document and is therefore predecisional. The document is deliberative because it contains comments that facilitated discussions regarding how to respond to the request. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email001549 | DOL003808 | DOL003809 | Email Subject: RE: FYI ONLY: JUSTICE Oversight Testimony on Hate Crimes | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication from an attorney from OLC, seeking various DOL agency employee's input, as desired, on a draft Department of Justice (DOJ) testimony related to increase in religious hate crime. This review of the proposed legislation was prompted by DOJ's request that the Department review the draft document. The withheld material consists of OLC interpretation of the draft document and whether any sections pertained to the Department. This document preceded the Department final determination regarding what comments to provide to DOJ regarding the draft document and is therefore predecisional. The document is deliberative because it contains comments that facilitated discussions regarding how to respond to the request. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email001548 | DOL003810 | DOL003811 | Email Subject: RE: FYI ONLY: JUSTICE Oversight Testimony on Hate Crimes | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication from an attorney from OLC, seeking various DOL agency employee's input, as desired, on a draft Department of Justice (DOJ) testimony related to increase in religious hate crime. This review of the proposed legislation was prompted by DOJ's request that the Department review the draft document. The withheld material consists of OLC interpretation of the draft document and whether any sections pertained to the Department. This document preceded the Department final determination regarding what comments to provide to DOJ regarding the draft document and is therefore predecisional. The document is deliberative because it contains comments that facilitated discussions regarding how to respond to the request. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email000993 | DOL003812 | DOL003813 | Email Subject: FYI ONLY: JUSTICE QFR Responses on Hate Crimes | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communication from an attorney from OLC, seeking various DOL agency employee's input, as desired, on a draft Department of Justice (DOJ) Questions for the Record. This review of the proposed legislation was prompted by DOJ's request that the Department review the draft document. The withheld material consists of OLC interpretation of the draft document and whether any sections pertained to the Department. This document preceded the Department final determination regarding what comments to provide to DOJ regarding the draft document and is therefore predecisional. The document is deliberative because it contains comments that facilitated discussions regarding how to respond to the request. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email006964 | DOL003822 | DOL003824 | Email Subject: DUE NOON TUES 1/9: Draft QFR Responses of Secretary Acosta following Nov 2017 hearing of House Ed & Workforce on DOL Policies and Priorities | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld email communication from a secretary within the Office of the Secretary, DOL, to an OFCCP official regarding a draft questions for the record (QFRs) prepared by Secretary Acosta's office about various DOL issues, rulemaking, compliance efforts, and initiatives. The withheld material consist of major subject areas that QFR, which was still being reviewed by agency officials in the manner prescribed in this email, covered. As the QFR was in draft stages and not final, it necessitates that any information pulled from the draft document in order to assess which topics should be discussed in the QFR and to finalize the QFR would enjoy the same treatment as the draft QFR. Moreover, because the withheld material was used to decide what to include the final version of the QFR, it is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. Exemption 6: withheld personnel identifiable information such as emails, names, addresses, dial-in codes to protect against unwarranted invasion of personal privacy. | A |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email026333 | DOL003825 | DOL003826 | Email Subject: FW: DUE NOON TUES 1/9: Draft QFR Responses of Secretary Acosta following Nov 2017 hearing of House Ed & Workforce on DOL Policies and Priorities | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld email communication from a secretary within the Office of the Secretary, DOL, to an OFCCP official regarding a draft questions for the record (QFRs) prepared by Secretary Acosta's office about various DOL issues, rulemaking, compliance efforts, and initiatives. The withheld material consist of major subject areas that QFR, which was still being reviewed by agency officials in the manner prescribed in this email, covered. As the QFR was in draft stages and not final, it necessitates that any information pulled from the draft document in order to assess which topics should be discussed in the QFR and to finalize the QFR would enjoy the same treatment as the draft QFR. Moreover, because the withheld material was used to decide what to include the final version of the QFR, it is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. Exemption 6: withheld personnel identifiable information such as emails, names, addresses, dial-in codes to protect against unwarranted invasion of personal privacy. | A |
| Email006960 | DOL003827 | DOL003828 | Email Subject: DUE NOON TUES 1/9: Draft QFR Responses of Secretary Acosta following Nov 2017 hearing of House Ed & Workforce on DOL Policies and Priorities | | 2 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld email communication from a secretary within the Office of the Secretary, DOL, to an OFCCP official regarding a draft questions for the record (QFRs) prepared by Secretary Acosta's office about various DOL issues, rulemaking, compliance efforts, and initiatives. The withheld material consist of major subject areas that QFR, which was still being reviewed by agency officials in the manner prescribed in this email, covered. As the QFR was in draft stages and not final, it necessitates that any information pulled from the draft document in order to assess which topics should be discussed in the QFR and to finalize the QFR would enjoy the same treatment as the draft QFR. Moreover, because the withheld material was used to decide what to include the final version of the QFR, it is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email007689 | DOL003829 | DOL003831 | Email Subject: reminder: DUE NOON TUES 1/9: Draft QFR Responses of Secretary Acosta following Nov 2017 hearing of House Ed & Workforce on DOL Policies and Priorities | | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld email communication from a secretary within the Office of the Secretary, DOL, to an OFCCP official regarding a draft questions for the record (QFRs) prepared by Secretary Acosta's office about various DOL issues, rulemaking, compliance efforts, and initiatives. The withheld material consist of major subject areas that QFR, which was still being reviewed by agency officials in the manner prescribed in this email, covered. As the QFR was in draft stages and not final, it necessitates that any information pulled from the draft document in order to assess which topics should be discussed in the QFR and to finalize the QFR would enjoy the same treatment as the draft QFR. Moreover, because the withheld material was used to decide what to include the final version of the QFR, it is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |
| Email015812 | DOL003880 | DOL003884 | Email Subject: RE: ExecSec 849026 - Senator McCaskill | | 5 Produce - Redact | 5; Attorney Client; 6; Personally Identifiable Information | Exemption 5: withheld legal advice from the Solicitor's Office regarding a draft response letter. The legal advice was only shared internally within the Department and is protected by the attorney client privilege. Exemption 6: withheld personnel identifiable information such as emails, names, addresses, dial-in codes to protect against unwarranted invasion of personal privacy. | Not applicable |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email017914 | DOL003990 | DOL003991 | Email Subject: Fwd: Draft Directive on Religious Exemption | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Acting OFCCP Director to the Acting Deputy Director and other personnel within CRLM and OFCCP regarding reviewing a directive on the religious exemption. This email highlights the Acting OFCCP Director recommendation regarding who the reviewers could consider coordinating with in order to review the directive as well as other factors to consider when completing their review. This communication preceded the adoption of the final directive and is, therefore, predecisional. This communication is deliberative because it facilitated discussions about what should be included and excluded from the directive. The information is, therefore, protected by the deliberative process privilege. |
| Email017917 | DOL003993 | DOL003994 | Email Subject: RE: Can you call me when you have a chance? | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of email from the OFCCP Director to an employee within the Office of Public Affairs regarding a draft response to an inquiry from the public regarding the religious exemption directive. The draft response was not in final form and was part of OFCCP's process for determining what information should and should not be included in the final response. Therefore, the information is deliberative. The withheld information is predecisional because it preceded the final response that was sent to the requester. The information, therefore, is protected by the deliberative process privilege. |
| Email017913 | DOL003995 | DOL003996 | Email Subject: FW: Can you call me when you have a chance? | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of email from the OFCCP Director to an employee within the Office of Public Affairs regarding a draft response to an inquiry from the public regarding the religious exemption directive. The draft response was not in final form and was part of OFCCP's process for determining what information should and should not be included in the final response. Therefore, the information is deliberative. The withheld information is predecisional because it preceded the final response that was sent to the requester. The information, therefore, is protected by the deliberative process privilege. |
| Email014594 | DOL003997 | DOL003998 | Email Subject: RE: Can you call me when you have a chance? | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld portion of email from the OFCCP Director to an employee within the Office of Public Affairs regarding a draft response to an inquiry from the public regarding the religious exemption directive. The draft response was not in final form and was part of OFCCP's process for determining what information should and should not be included in the final response. Therefore, the information is deliberative. The withheld information is predecisional because it preceded the final response that was sent to the requester. The information, therefore, is protected by the deliberative process privilege. |
| Email014593 | DOL003999 | DOL004000 | Email Subject: TIME SENSITIVE: FW: Bloomberg Law Inquiry - OFCCP directives | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and the OFCCP Director regarding a Bloomberg Law inquiry. The withheld information consists of questions and recommendation by OPA to OFCCP regarding which direction OFCCP should go towards regarding commenting on the status of rulemaking. The advice was utilized by OFCCP to determine how to approach the situation and preceded the final decision regarding the type of response to provide to Bloomberg Law. The information is, therefore, protected by the deliberative process privilege. |
| Email017910 | DOL004001 | DOL004002 | Email Subject: RE: TIME SENSITIVE: FW: Bloomberg Law Inquiry - OFCCP directives | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and the OFCCP Director regarding a Bloomberg Law inquiry. The withheld information consists of questions and recommendation by OPA to OFCCP regarding which direction OFCCP should go towards regarding commenting on the status of rulemaking. The advice was utilized by OFCCP to determine how to approach the situation and preceded the final decision regarding the type of response to provide to Bloomberg Law. The information is, therefore, protected by the deliberative process privilege. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Email017909 | DOL004003 | DOL004004 | Email Subject: FW: TIME SENSITIVE: FW: Bloomberg Law Inquiry - OFCCP directives | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and the OFCCP Director regarding a Bloomberg Law inquiry. The withheld information consists of questions and recommendation by OPA to OFCCP regarding which direction OFCCP should go towards regarding commenting on the status of rulemaking. The advice was utilized by OFCCP to determine how to approach the situation and preceded the final decision regarding the type of response to provide to Bloomberg Law. The information is, therefore, protected by the deliberative process privilege. |
| Email014589 | DOL004005 | DOL004006 | Email Subject: RE: TIME SENSITIVE: FW: Bloomberg Law Inquiry - OFCCP directives | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and the OFCCP Director regarding a Bloomberg Law inquiry. The withheld information consists of questions and recommendation by OPA to OFCCP regarding which direction OFCCP should go towards regarding commenting on the status of rulemaking. The advice was utilized by OFCCP to determine how to approach the situation and preceded the final decision regarding the type of response to provide to Bloomberg Law. The information is, therefore, protected by the deliberative process privilege. |
| Email015715 | DOL004009 | DOL004010 | Email Subject: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | | 2 | Produce - Redact | 5; Deliberative Process | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted. The OPA's employee's withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. The withheld information is protected by the deliberative process privilege. |
| Email015699 | DOL004011 | DOL004012 | Email Subject: RE: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted. The OPA's employee's withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. Also withheld deliberative comment from ASP employee for the same reasons described above. The withheld information is protected by the deliberative process privilege. |
| Email018262 | DOL004013 | DOL004014 | Email Subject: RE: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | | 2 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted. The OPA's employee's withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. The withheld information is protected by the deliberative process privilege. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Email015674 | DOL004015 | DOL004017 | Email Subject: RE: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted. The OPA's employee's withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. Also withheld deliberative comment from ASP employee for the same reasons described above. The withheld information is protected by the deliberative process privilege. | I |
| Email018256 | DOL004018 | DOL004020 | Email Subject: RE: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted. The OPA's employee's withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. Also withheld deliberative comment from ASP employee for the same reasons described above. The withheld information is protected by the deliberative process privilege. | I |
| Email018221 | DOL004021 | DOL004023 | Email Subject: RE: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted, as well as another response proposed by the OFCCP Director. The withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. Also withheld deliberative comment from ASP employee for the same reasons described above. The withheld information is protected by the deliberative process privilege. | I |
| Email015495 | DOL004024 | DOL004026 | Email Subject: Re: URGENT FOR APPROVAL: Response to Buzzfeed Follow-up questions | 3 Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld internal communications between personnel from the Office of Public Affairs and various agency officials including the OFCCP Director regarding a media inquiry. The withheld information consists of the OPA employee's preliminary assessment of the question as well as a proposed response which was not necessarily adopted, as well as another response proposed by the OFCCP Director. The withheld comments were utilized by OFCCP and various DOL agency employees to assess which legal issues the inquiry implicated as well as determine what type of response would appropriately address the issues raised by the news media organization. The withheld material also preceded the final response and is therefore predecisional. Also withheld deliberative comment from ASP employee for the same reasons described above. The withheld information is protected by the deliberative process privilege. | I |

| Email022420 | DOL004036 | DOL004039 | Email Subject: ToDO | | 4 | Produce - Redact | 2; 5; Deliberative Process; 6; Personally Identifiable Information; 7C | Exemption 5: withheld deliberative list created by OFCCP Deputy Director regarding how best to prioritize work assignments. The withheld information is predecisional because it was created prior to the employee's decision regarding which assignment were of the most importance. This list also contains the employee's subjective assessment of what assignment OFCCP should prioritize and is therefore deliberative. The withheld information assisted the employee with making decisions regarding how to structure her work day. The information is therefore protected by the deliberative process privilege. | Y |
| Email022419 | DOL004040 | DOL004043 | Email Subject: RE: ToDO | | 4 | Produce - Redact | 2; 5; Deliberative Process; 6; Personally Identifiable Information; 7C | Exemption 5: withheld deliberative list created by OFCCP Deputy Director regarding how best to prioritize work assignments. The withheld information is predecisional because it was created prior to the employee's decision regarding which assignment were of the most importance. This list also contains the employee's subjective assessment of what assignment OFCCP should prioritize and is therefore deliberative. The withheld information assisted the employee with making decisions regarding how to structure her work day. The information is therefore protected by the deliberative process privilege. | Y |
| Email011915 | DOL004047 | DOL004050 | Email Subject: Fw: EXPEDITED CLEARANCE: Implementing Legal Requirements Regarding the Equal Opportunity Clause's Religious Exemption NPRM | | 4 | Produce - Redact | 5; Deliberative Process; 6; Personally Identifiable Information | Exemption 5: withheld communication from the Regional Administrator of the Women's Bureau that was sent to various DOL agencies. The withheld communication was sent in response to an request for various DOL agencies to review various documents associated with OFCCP's implementation of the religious exemption. The withheld communication consists of the Regional Administrator's opinions and recommendation about how various laws and cases should be interpreted and whether certain information should be included in the various documents. This communication preceded the final iterations of these documents and is, therefore, predecisional. This communications is also deliberative because it facilitated discussions about what should be included and excluded from the various documents. The information is, therefore, protected by the deliberative process privilege. | F |