UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON BLADE, et al<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br>    *Defendant*. | Case No. 20-cv-2591 (RDM)<br><br>**DECLARATION OF KEIR BICKERSTAFFE** |

I, Keir Bickerstaffe, declare as follows:

1. I am currently employed as the Counsel for Interpretation and Advice in the Civil Rights and Labor-Management Division (CRLM) of the Office of the Solicitor (SOL) of the United States Department of Labor (DOL). I have been employed in this position since October 2014. In this position, I provide legal counsel to the Office of Federal Contract Compliance Programs (OFCCP) on policy, regulatory, and Freedom of Information Act (FOIA) matters.

2. On August 29, 2019, Mr. Johnson filed a FOIA request, via email and on the behalf of Washington Blade ("The Plaintiffs"), to DOL's Office of Federal Contract Compliance Programs seeking "all emails to and from the persons in the roles of director, deputy director and director of policy including the words 'religion' or 'religious' from Jan. 20, 2017, to Aug. 30, 2019." *See* Ex. 1. From December 10, 2020, to January 31, 2022, the Department produced responsive records on a rolling basis. After preparing an initial *Vaughn* index which was produced to Plaintiff on April 13, 2022, Defendants re-reviewed the responsive records and reproduced 337 pages of responsive records on June 15, 2022, which it determined there was no foreseeable harm in disclosing.

1

3.       Plaintiff subsequently notified DOL on June 16, 2022, that it would not challenge certain records contained in DOL productions.[1] Plaintiff indicated, however, that they reserved the right to challenge Defendant's exemption 5 withholding in other produced records.

4.       DOL filed its Motion for Summary Judgement on January 23, 2023. Plaintiff filed its Partial Cross-Motion for Summary Judgement on February 27, 2023.

5.       DOL subsequently completed a supplemental review of the challenged records and determined that information contained within Bates Nos. 1400, 2145-2158, and 3768-3769 are releasable and produced that information to Plaintiff on March 28, 2023.

6.       The purpose of this declaration is to provide the Court with additional information regarding DOL's response to the August 29, 2019, FOIA request, which forms the subject of this litigation. Specifically, this declaration will address the documents that Plaintiff raised in their Partial Cross-Motion for Summary Judgement.

     **I.       Withholding Pursuant to Exemption 5 of the FOIA**

7.       FOIA Exemption (b)(5), 5 U.S.C. § 552(b)(5), permits the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Exemption 5 allows an agency to exempt information that is normally privileged in the civil discovery context. These privileges include the pre-decisional, deliberative process privilege; the attorney work product privilege; and the attorney-client privilege.

     **i.       Deliberative Process Privilege**

---

[1] The unchallenged records consist of: Bates Nos. 285–292, Bates Nos. 302–317, Bates Nos. 337–375, Bates Nos. 388–393, Bates Nos. 732–747, Bates Nos. 1024–1044, Bates No. 1304, Bates Nos. Records 1489–1514, Bates Nos. 1517–1520, Bates Nos. 1575–1601, Bates Nos. 1602–1607, Bates Nos. 1608–1652, Bates Nos. 1892–1899, Bates Nos. 1961–1977, and Bates Nos. 3232.

8. As described in the Revised *Vaughn* Index, DOL has withheld portions of 344[2] documents pursuant to the deliberative process privilege that consist of communications between Department officials regarding various matters. *See* Ex. 2. The *Vaughn* index identifies each document by name, page or bates number, and explains the redactions made within each record.

9. DOL provides the following additional information regarding the records that Plaintiff specifically mentioned within its Cross-Motion for Summary Judgement.[3]

10. DOL has withheld information within Bates Nos. 2143-2144 pursuant to the deliberative process privilege. As indicated in the *Vaughn* Index, the withheld material consists of an exchange between an Equal Opportunity Specialist to the Director of Enforcement where the subordinate expressed an opinion about how two new policy directives that OFCCP issued may impact cases. As discussed in the released portions of Bates Nos. 2143-2144, The new policy directives consisted of a directive regarding the use of focused reviews of contractor compliance and the religious exemption directive. The withheld material reflects the subjective opinion of the Equal Opportunity Specialist. The fact that the withheld information reflects the Equal Opportunity Specialist's subjective opinion regarding the new policy directives is evidenced by the Director of Enforcement's response to the Equal Opportunity Specialist, which DOL released to the Plaintiff. Specifically, "Thank you very much for your email. I recognize and respect that you and others may not agree with OFCCP's directive, however it is important as it incorporates into OFCCP policy recent developments in the law, including from the U.S. Supreme Court…" *See* Ex. 3, Bates Nos. 2143-2144. As further specified in the *Vaughn* Index, the withheld communication formed a part of DOL's discussions regarding implementation and continuation of these sensitive policies.

---

[2] DOL has removed seven records from the *Vaughn* index and produced those records to Plaintiff on March 28, 2023.
[3] DOL addresses the records in the order that Plaintiff addresses them in their motion.

11. DOL has also withheld information contained within Bates Nos. 1022-23, 3823-31, and Doc. Nos. 91-92 (which form a part of Production 1) pursuant to the deliberative process privilege. As indicated in the *Vaughn* Index, these documents consist of a cross-agency collaborative review of a draft Questions for the Records (QFR) which was prepared by the Office of the Secretary regarding various agency policies and actions. As indicated in the released portions of the email, at least 17 DOL agencies including OFCCP participated in the review of the draft QFR, which covered many topics. As the QFR was in draft form and involved many DOL agencies with varying interests and mission requirements, decisions surrounding which topics to include in the QFR would also form a part of DOL's deliberation about what information should be included in the final QFR. It should be noted that while the draft QFR in question was created sometime around January 5, 2018, DOL did not finalize it until March 28, 2018, which is indicative of the fact that there were significant back-and-forth discussions between the various agencies regarding which information should be included in the final QFR. The withheld information, therefore, does not merely reflect factual information, nor is it factual in nature, but reflects carefully selected ideas that DOL considered including within the QFR.

12. Likewise, as indicated in the *Vaughn* Index, Doc Nos. 96 and 133, which forms a part of Production 1, reflects OFCCP's internal deliberation about the timing for providing a response to an inquiry sent by the Institute for Workplace Equality and factors that hindered OFCCP from providing a final response. DOL has determined that such information is deliberative because it was part of the ongoing review regarding how to respond to the inquiry that the Institute sent to DOL.

13. Bates Nos. 2329–37, and Doc. Nos. 8–9 (which forms a part of Production 1), pertain to DOL's response to an inquiry that Buzzfeed sent on August 14, 2018. The response to

the inquiry was prepared through a cross-agency collaboration between OFCCP, the Office of Public Affairs (OPA), and the Office of the Assistant Secretary of Policy (ASP). While Mr. Leen in his-then capacity as the OFCCP Director served as a decisionmaker within OFCCP, Mr. Leen did not have final decisionmaking authority for matters that were required to be reviewed by multiple DOL agencies. Instead OPA, which is responsible for addressing public affairs matters and which handles all interactions with the mainstream media, would be responsible for providing an appropriate response, after obtaining appropriate feedback from relevant agency stakeholders. The withheld information represents OFCCP's feedback or suggested response but is not necessarily reflective of the actual final response that OPA sent to Buzzfeed.

14. The same is true of Bates Nos. 3993–98 and 2272, which pertain to a collaboration between OFCCP and OPA regarding a press inquiry. Note that Mr. Leen states, "Please check with OSEC as well before sending," further evidencing that while the OFCCP's portion of the review was complete, OPA needed to get additional feedback from other agency personnel prior to sending a final response to the media organization. *See* Ex. 4, Bates Nos. 3993-3994

15. Bates No. 651 pertains to another inquiry from Buzzfeed regarding the number of cases that OFCCP referred to the Department of Justice. The Department's response to this request required collaboration between OFCCP, OPA, and SOL. The withheld material details a response sent by an attorney within SOL to an employee within OPA outlining the criteria that OFCCP considers in connection with seeking to disbar a contractor. The remaining withheld information reflects the legal factors that DOL considers when determining whether it should seek disbarment as a potential remedy in litigation before an Administrative Law Judge, or considers referring a case to the Department of Justice to litigate in Federal court, and was part of DOL's process for

determining how to respond to the Buzzfeed inquiry. It should be noted that DOL released the number of cases that it referred.

16. Bates Nos. 2322–25, pertains to DOL's review of an inquiry sent by Buzzfeed. The response to the inquiry was prepared through a cross-agency collaboration between the Office of Public Affairs, OFCCP, ASP. OPA relied on this feedback from OFCCP and ASP to make the final determination regarding what the final response to Buzzfeed should consist of, however, the redacted response does not necessarily reflect the final response that OPA sent to Buzzfeed.

17. Similarly, Bates 2644-86 also pertains to DOL's review of an inquiry sent by Buzzfeed. As outlined in the Vaughn index and the responsive document, the withheld material consists of opinions exchanged by both the Communications Director within OPA and Mr. Leen regarding how OPA should respond to the inquiry. The withheld material that Plaintiff seeks is part of an email exchange between OPA, ASP, and OFCCP, and does not include an exchange between only OFCCP personnel. Specifically, it consists of an email exchange between Ms. Megan Sweeney, OPA, Mr. Jonathan Berry, ASP, and Mr. Craig Leen, OFCCP. As such, this information -- an intra-DOL exchange of ideas -- assisted OPA with determining an appropriate response to the inquiry. In sum, the withheld material reflects the back-and-forth consultation that occur across DOL agencies and are not reflective of only OFCCP internal discussions. The withheld information, therefore, is not reminiscent of factual information disguised as predecisional, deliberative information but is as characterized by DOL within its *Vaughn* index.

18. DOL has also withheld Bates Nos. 3268-73 pursuant to the deliberative process privilege. As addressed in the *Vaughn* index, this subset of documents pertains to the then-OFCCP Director review of reasonable accommodation complaint process. As indicated in the released portion of the email, Mr. Leen indicates that "the subject of reasonable accommodations is very

important to me…That is a key item of concern." *See, e.g.*, Ex. 5, Bates No. 3268-3269. DOL then redacted a small subset of the email pertaining to an idea that OFCCP Director sought to explore with the staff. The subsequent email sent by an OFCCP employee notes that employee's opinion about which issues need to be evaluated and one method for evaluating reasonable accommodation complaints. *See* Ex. 6, Bates Nos. 3274-3275. The redacted information is not merely a recitation of old agency policy or an instruction from Mr. Leen to OFCCP staff regarding how to process reasonable accommodation claims, but is actually part of the back-and-forth consultation between staff as OFCCP establishes which projects it wanted to work on within the given year and what steps needed to be taken to effectively addressed an identified issue.

19. Bates Nos. 4001-06 concern a cross-agency collaborative review of a Bloomberg Law inquiry. As explained in detail above, OPA is the final decisionmaker for matters involving public engagement. OPA engages with relevant agency personnel in order to identify information that will be helpful in responding to press inquiries as highlighted in the contested documents. The withheld material in these documents represents OPA *and* OFCCP opinions about how to respond to the inquiry but are not necessarily reflective of the actual response that OPA sent to Bloomberg Law.

20. DOL has also withheld Bates Nos. 578-86, 593-98, 613-16, and 621-655 DOL pursuant to the subject privilege. The withheld information is reflective of a cross-agency collaboration between OFCCP, OPA, and SOL regarding how to respond to a Buzzfeed inquiry. The withheld information is not only reflective of legal advice prepared by an attorney within SOL outlining the legal criteria that OFCCP considers in connection with whether to seek to disbar a contractor, but is also reflective of the steps that SOL, OPA, and OFCCP took to determine the total volume of cases that were referred to DOJ, and the deliberation over what should be included

7

in the response to inquiry. The cross-agency collaborative nature of this review is reflected in Mr. Michael Trupo's, OPA, email to Mr. Tom Dowd, OFCCP, where he indicates "I was asked to pare down our response and I want to be sure that this is accurate." *See* Ex. 7, Bates No. 599-601.

21. DOL has also withheld portions of Bates pages 2252–66, 2275, and 3730–31. As indicated in its *Vaughn* index, this group of records relate to OFCCP's review of an inquiry from a contractor representative group. OFCCP completed this review in conjunction with attorneys from CRLM, its legal advisor. DOL has withheld information relating to the underlying process for formulating a response to the inquiry. Specifically, the Department has withheld the underlying back-and-forth discussions between the Acting OFCCP Director, the OFCCP Director of the Division of Policy and Program, and an attorney within SOL regarding what information should be included in the response, which legal standards apply, and appropriate interpretation of applicable laws and regulations.

22. DOL withheld portions of Bates pages 4024–26, which pertains to a Buzzfeed inquiry. Here again DOL utilized a cross-agency collaborative review process in order to prepare a response to the inquiry, which included OPA, ASP, OSEC, and OFCCP. DOL has withheld the underlying back-and-forth discussions that occurred between the various agency employees regarding what should be included in the response to the inquiry. Likewise, DOL's withholdings within Bates pages 331–36, 1266, 2440,17 2586–91, 2071–77,18 3703, and 3739 are proper. These documents pertain to a cross-DOL agency collaborative review by OSEC, OASP, OPA, and OFCCP of an inquiry sent by the Institute for Workplace Equality regarding their interpretation of the highly sensitive and media generating religious exemption directive. Reviewing and responding to this inquiry necessitated fleshing out public misunderstanding or misinterpretation of the religious exemption directive.

23. Finally, DOL has withheld portions of Bates No. 3350 pursuant to the deliberative process privilege. As indicated in the *Vaughn* Index, DOL has withheld a verbal communication that occurred between a Deputy Director of the Division of Policy and Program Development (DPPD) and an SOL attorney that was memorialized within the email. As indicated in the *Vaughn* index, the withheld material consisted of legal advice from the attorney about talking points regarding the religious exemption directive. As further indicated in the *Vaughn* index, this information is also deliberative because it factored into OFCCP's decision regarding how to raise this topic with employees and is predecisional because it preceded OFCCP's final decision regarding how to approach the meeting.

### ii. Attorney Client Material

24. The Department withheld portions of information that is protected by the attorney-client privilege from certain documents as described in the *Vaughn* index. The withheld material consists of communications between OFCCP and various attorneys within the Department, including CRLM regarding various legal issues, including questions relating to implementing the religious exemption, legal issues associated with inquiries from the public and Congress, refining language in various documents, as well as inquiries regarding its authority to engage in certain actions, just to name a few topics discussed in the various emails.

25. Specifically, DOL withheld certain information contained within Bates Nos. 505–23, and Doc. Nos. 116–17 (which form a part of Production 1) pursuant to the attorney client privilege of Exemption 5.[4] To begin, DOL has only withheld one sentence from Bates No. 505-23.[5] and Docs No. 116, which consists of an email from an OFCCP employee to two attorneys within CRLM, as well as one sentence from Bates No. 511, which consists of an internal email between CRLM attorneys initiating their review of the information and inquiry sent by OFCCP personnel. As indicated by the *Vaughn* index and the released records (i.e., Bates No. 1309,

---

[4] DOL has asserted both the deliberative process privilege and the attorney client privilege over portions of this subset of records.
[5] DOL has withheld each iteration of the same statement appearing in this group of documents.

involving OFCCP request for legal advice from CRLM regarding meeting with Senator Lankford's office, or Bates No. 775, which involves a request from OFCCP to a CRLM attorney and OFCCP staff to review a draft letter to Senator Lankford), these contested documents were part of a larger legal review of how OFCCP should respond to inquiries from Senator Lankford's office. *See* Ex. 8, Bates Nos. 775, 1309. CRLM and OFCCP routinely engage in back-and-forth discussion regarding various issues that may arise. We, therefore, do not depend on formal requests for legal advice in order to facilitate reviews or discussions about legal issue. As evidenced by Bates No. 511, upon receiving the email "looping" them into the issue, we immediately began reviewing the legal issue and the matter was forwarded to me for further review. *See* Ex. 9, Bates Nos. 511-513. This further evidences the fact that CRLM understood that this was a request for legal advice and that it was initiating a legal review of the information that OFCCP provided to it.

26.     DOL has also withheld certain information contained within Bates Nos. 2985–3020 pursuant to the attorney client privilege.[6] Here, DOL has withheld a communication from Mr. Craig Leen that was sent to three CRLM attorneys and one OFCCP employee on January 22, 2019 regarding factors that could be considered when reviewing various documents (*See* Ex. 10, Bates Nos. 3004-3005, for description of various documents under review, which included but were not limited to pregnancy background, pay discrimination data document, religious exemption, and TRICARE). As indicated by Bates Nos. 3017-3018, I subsequently responded to the email indicating "If you'd like CRLM to take this back and try to address Craig's comments, we can." *See* Ex. 11, Bates Nos. 3017-3018. An OFCCP employee then responds to the email by stating "Yes-Please." *Id.* This is clearly indicative of the fact that while not expressly containing a formal request for legal advice, OFCCP was seeking legal advice by including CRLM attorneys on the email chain. Moreover, as explained in the *Vaughn*, the information was shared with CRLM attorneys to provide them with additional factors they could consider when evaluating the relevant

---

[6] DOL has asserted both the deliberative process privilege and the attorney client privilege over portions of this subset of records.

documents for legal sufficiency or determining which legal principals should be included in the documents.

27.     DOL also withheld certain information from Bates Nos. 581–86, 593, 621, and 643 pursuant to the attorney-client privilege. Here, DOL has withheld communications from CRLM attorneys to OFCCP staff regarding its enforcement practices. As indicated above in Paragraphs 15 and 20 and as elaborated upon within the *Vaughn* index the withheld material is not simply reflective of OFCCP data. Nor is it solely limited to the subject matter of the inquiry. Rather, the withheld material consists of legal advice regarding factors OFCCP considers in connection with seeking to disbar a contractor and/or to refer cases to DOJ. Such information encompasses strategies that OFCCP utilizes in order to ensure compliance with its laws, rules, and regulation and is not merely reflective of data.

28.     In sum, OFCCP routinely engages with SOL attorneys (particularly CRLM) on various issues for which it may need legal advice. Because this engagement occurs regularly, attorneys may be merely carbon copied on an email or notified about an issue rather than formally being asked to advice on a particular issue. This is especially true for longstanding projects such as advising on the religious exemption or responding to various aspects of an inquiry from a United States Senator. As it relates to the information withheld for this specific FOIA request, the withheld information consists of either legal advice provided about a specific issue that OFCCP raised with SOL attorneys or consist of facts that SOL attorneys relied upon in order to provide legal advice. Releasing this information would also undermine the attorney-client relationship between OFCCP personnel and CRLM because the quintessential notion of confidentiality that employees rely on when determining they should involve their legal team in their decision-making process would be compromised. As such, OFCCP determined that these various documents, as described in the *Vaughn* index, are subject to the attorney-client privilege and disclosure of this information would cause foreseeable harm to DOL's relationship with its attorneys as well as undermine its decision-making process.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct hereto.

    Executed this 7th day of April, 2023, in Washington, DC.

                                                _____

Keir Bickerstaffe
Counsel for Interpretation and Advice
Civil Rights and Labor Management Division
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, NW
Washington DC 20210