| Production No. | PDF Page Numbers | Description - Subject | Date & Time | Responsiveness | FOIA Exemptions | _Basis for Withholding | Category |
|---|---|---|---|---|---|---|---|
| Production 1 | PDF Pages 8-9 | Email, RE: Religious Liberty Directive | 8/15/2018, 7:03 PM | Produce - Redact | 5, deliberative process privilege       6, personally identifable information | Exemption 5: withheld multi DOL agencies, including OPA, ASP, and OFCCP, prepared draft statement for press inquiries regarding the religious exemption directive. This draft statement was sent to the Department's Office of the Secretary for final review and comment. This draft statement preceded the final statement that was approved for responding to inquiries. This draft statement is reflective of the back-and-forth discussions between the above mentioned agencies regarding how the statement should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | I |
| Production 1 | PDF Page 20 | Email, Re: Meeting Set Up by Senator Lankford"s Staff | 02/02/2018, 7:06 PM | Produce - Redact | 5, attorney client privilege | Exemption 5: withheld information associated with OFCCP's request for legal advice from its legal counsel, CRLM, regarding an issue associated with responding to Senator Lankford's inquiry. This information was shared with CRLM personnel in order to obtain legal advice. The information was not disclosed to third parties outside of the Department. The information, therefore, is protected by both the attorney client privilege. | Not applicable |
| Production 1 | PDF Pages No. 21-22 | Email, RE_RE: URGENT, CLOSE-HOLD, PRINCIPALS ONLY - Draft Religious Liberty Executive Order Provisions | 05/2/2017, 12: 58 PM | Produce - Redact | 5, deliberative process privilege and attorney client privilege       6, personally identifable information | Exemption 5: withheld internal communication from an attorney from the Office of Legal Counsel (OLC), SOL, seeking various DOL agency employee's input regarding a draft White House executive order. The withheld material consists of OLC interpretation of the ask as well as the sections of the order that OLC considered potentially applicable to the Department. This document, which preceded the Department decision regarding which sections of the executive order were relevant for review and what comments and concerns to raise regarding the bill, consist of DOL's preliminary assessment. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. The withheld information is also protected by the attorney client privilege because it consists of OLC legal advice about the relevance of the order to DOL as well as interpretation of which sections applied to the Department. The withheld advice was also only shared internally with the Department. | A |
| Production 1 | PDF Pages 23-24 | Email, RE_RE: URGENT, CLOSE-HOLD, PRINCIPALS ONLY - Draft Religious Liberty Executive Order Provisions | 05/02/2017, 10:57 PM | Produce - Redact | 5, deliberative process privilege and attorney client privilege       6, personally identifable information | Exemption 5: withheld internal communication from an attorney from the Office of Legal Counsel (OLC), SOL, seeking various DOL agency employee's input regarding a draft White House executive order. The withheld material consists of OLC interpretation of the ask as well as the sections of the order that OLC considered potentially applicable to the Department. This document, which preceded the Department decision regarding which sections of the executive order were relevant for review and what comments and concerns to raise regarding the bill, consist of DOL's preliminary assessment. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. The withheld information is also protected by the attorney client privilege because it consists of OLC legal advice about the relevance of the order to DOL as well as interpretation of which sections applied to the Department. The withheld advice was also only shared internally with the Department. | A |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Production 1 | PDF Pages 25-27 | Email, RE_RE: URGENT, CLOSE-HOLD, PRINCIPALS ONLY - Draft Religious Liberty Executive Order Provisions | 05/02/2017, 12:50 PM | Produce - Redact | 5, deliberative process privilege and attorney client privilege      6, personally identifable information | Exemption 5: withheld internal communication from an attorney from the Office of Legal Counsel (OLC), SOL, seeking various DOL agency employee's input regarding a draft White House executive order. The withheld material consists of OLC interpretation of the ask as well as the sections of the order that OLC considered potentially applicable to the Department. This document, which preceded the Department decision regarding which sections of the executive order were relevant for review and what comments and concerns to raise regarding the bill, consist of DOL's preliminary assessment. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. The withheld information is also protected by the attorney client privilege because it consists of OLC legal advice about the relevance of the order to DOL as well as interpretation of which sections applied to the Department. The withheld advice was also only shared internally with the Department. | A |
| Production 1 | PDF Pages 28-30 | Email, RE_RE: URGENT, CLOSE-HOLD, PRINCIPALS ONLY - Draft Religious Liberty Executive Order Provisions | 05/02/2017, 12:48 PM | Produce - Redact | 5, deliberative process privilege      6, personally identifable information | Exemption 5: withheld internal communication from an attorney from the Office of Legal Counsel (OLC), SOL, seeking various DOL agency employee's input regarding a draft White House executive order. The withheld material consists of OLC interpretation of the ask as well as the sections of the order that OLC considered potentially applicable to the Department. This document, which preceded the Department decision regarding which sections of the executive order were relevant for review and what comments and concerns to raise regarding the bill, consist of DOL's preliminary assessment. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. The withheld information is also protected by the attorney client privilege because it consists of OLC legal advice about the relevance of the order to DOL as well as interpretation of which sections applied to the Department. The withheld advice was also only shared internally with the Department. | A |
| Production 1 | PDF Pages 31-33 | Email, RE: Cohen Question: Proposed Reply | 05/10/2017, 5:09 PM | Produce - Redact | 5, deliberative process privilege, attorney client privilege | Exemption 5: withheld internal discussions between the Director of the Division of Policy and Program Development and an attorney within CRLM regarding an inquiry about contractor employee solicitations. The withheld information is protected by both the attorney client privilege and the deliberative process privilege because it consists of the Director of DPPD seeking guidance about a legal issue associated with responding to the inquiry. The withheld information, which was only shared internally, was part of OFCCP's process for identifying legal issues related to the inquiry as well as determining how to appropriately respond to it. | Z |
| Production 1 | PDF Pages 37-38 | Email, FW: FYI ONLY: JUSTICE QFR Response on Hate Crimes | 07/17/2017, 11:28 PM | Produce - Redact | 5, deliberative process privilege      6, personally identifable information | Exemption 5: withheld internal communication from an attorney from OLC, seeking various DOL agency employee's input, as desired, on a draft Department of Justice (DOJ) Questions for the Record. This review of the proposed legislation was prompted by DOJ's request that the Department review the draft document. The withheld material consists of OLC interpretation of the draft document and whether any sections pertained to the Department. This document preceded the Department final determination regarding what comments to provide to DOJ regarding the draft document and is therefore predecisional. The document is deliberative because it contains comments that facilitated discussions regarding how to respond to the request. The document, therefore, is pre-decisional and deliberative and thus protected by the deliberative process privilege of Exemption 5. | A |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Production 1 | PDF Pages 39-40 | Email, Re: SIMS-Document to Review #836125 | 07/25/2017, 11:42 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld communications between a low-level employee and the Director of DPPD. The low-level employee was asked to prepare a response to an inquiry sent by Senator Lankford's office. The withheld information consists of the low-level employee initial thoughts about what the response should consist of as well as feedback from her supervisor about how to structure the response. The withheld information preceded the final response which was sent to Senator Lankford office and is therefore predecisional. The withheld information is deliberative because it facilitated discussions between OFCCP personnel regarding how to respond to the inquiry and was part of OFCCP's process for determining how to respond to the inquiry. The information is therefore protected by the deliberative process privilege. K |
| Production 1 | PDF Pages 41-42 | Email, Re: SIMS-Document to Review #836125 | 07/25/2017, 11: 42 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld communications between a low-level employee and the Director of DPPD. The low-level employee was asked to prepare a response to an inquiry sent by Senator Lankford's office. The withheld information consists of the low-level employee initial thoughts about what the response should consist of as well as feedback from her supervisor about how to structure the response. The withheld information preceded the final response which was sent to Senator Lankford office and is therefore predecisional. The withheld information is deliberative because it facilitated discussions between OFCCP personnel regarding how to respond to the inquiry and was part of OFCCP's process for determining how to respond to the inquiry. The information is therefore protected by the deliberative process privilege. K |
| Production 1 | PDF Pages 65-66 | Email, RE: FAQ | 08/16/2018, 7:22 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld portions of communications between the Director of DPPD and a Branch Chief within DPPD. Here the two individuals are discussing the scope of a FAQ and whether a section should be restructured and modified to include other information. These discussions were central to OFCCP's decisionmaking regarding what information should be included in the FAQ and was part of OFCCP's process for preparing the FAQ and is therefore deliberative. This discussion also preceded the final version of the FAQ and is therefore predecisional. The redacted information is protected by the deliberative process privilege. H |
| Production 1 | PDF Page 80 | Email, RE: Religious Liberty Memorandum | 10/31/2017, 11:18 PM | Produce - Redact | 5, deliberative process privilege | | Exemption 5: withheld portions of an email sent by the Acting OFCCP Director to two OFCCP program directors seeking feedback on a proposed email to The Solicitor, Department of Labor, seeking legal advice on how to respond to an inquiry sent by the Institute for Workplace Equality. This draft email is predecisional because it was generated prior to OFCCP making a decision regarding how to respond to the inquiry. It is deliberative because it details conversations between the Acting OFCCP Director and the program directors regarding their preliminary assessment of the issue, however, it also seeks input from SOL regarding other factors that may not have been considered. The draft email reflects the back-and-forth discussion that goes on between agency personnel as they determine how to respond to different issues and is protected by the deliberative process privilege. This draft email was part of OFCCP decision-making regarding how to respond to the inquiry S |
| Production 1 | PDF Pages 87-88 | Email, Draft Letter to Senator Lankford | 12/19/2017, 7:38 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. K |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Production 1 | PDF Pages 91-93 | Email, DUE NOON TUES 1/9: Draft QFR Responses of Secretary Acosta following Nov 2017 hearing of House Ed & Workforce on DOL Policies and Priorities | 01/05/2018, 12:29 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld internal deliberative discussions regarding a draft questions for the record (QFRs) prepared by Secretary Acosta's office regarding various DOL issues, rulemaking, compliance efforts, and initiatives. The redacted material consists of various topics and ideas the Secretary's office was deliberating over and determining whether to address in a QFR. Releasing this information would reveal the agency's deliberation over these topics. The information, therefore, is protected by the deliberative process privilege. A |
| Production 1 | PDF Pages 94-95 | Email, RE: Outreach to Faith-Based Organizations | 01/18/2018, 9: 52 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld communication from a Senior Advisor to the Director of DPPD. The communication consists of the Advisor providing a recommendation regarding how to solicit religious organizations for a contractor stakeholder session. The recommendation was then reviewed by the Director of DPPD and utilized to make a decision regarding the invitation process for the meeting. This discussion preceded the final decision regarding this issue and is therefore predecisional. The withheld information is deliberative because it facilitated discussions about how to invite religious organizations to the session and was part of OFCCP's process for determining who to invite to the meeting. K |
| Production 1 | PDF Pages 96-97 | Email, RE: RE: Letter to Senator Lankford | 01/29/2018, 3:17 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld communication from Deputy Director to a Senior Advisor regarding process for responding to inquiry sent by the Institute for Workplace Equality. The withheld information was part of DOL's process regarding if and when it should respond to the inquiry and what information should or should not be included in the final response. Because this discussion preceded the final version of the response, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of how to respond to the inquiry it is protected by the deliberative process privilege. I |
| Production 1 | PDF Pages 98-99 | Email, RE: Meeting Set Up by Senator Lankford"s Staff | 02/05/2018, 10:17 PM | Produce - Redact | 5, attorney client Privilege | 6, Personally Identifiable Information | Exemption 5: withheld information associated with OFCCP's request for legal advice from its legal counsel regarding an issue associated with responding to Senator Lankford's inquiry. This information was only shared internally within the Department. This information is protected by the attorney client priviliege. Not applicable |
| Production 1 | PDF Pages 104-105 | Email, RE: Urgent OSEC Chief Counsel | 03/23/2018, 4:17 PM | Produce - Redact | 5, attorney client Privilege | 6, Personally Identifiable Information | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding interpretation of statutory laws pertaining to the religious exemption. The withheld information was shared only internally within the Department. This information is protected by the attorney client privilege. Not applicable |
| Production 1 | PDF Page 110 | Email, Religious Liberty Memorandum | 10/31/2017, 12:01 PM | Produce - Redact | 5, attorney client privilege | | Exemption 5: withheld portion of email that was sent by an OFCCP Deputy Director to a Deputy Solicitor of Labor requesting legal advice regarding an inquiry sent by the Institute of Workplace Equality. The withheld information was utilized by the Solicitor's office to provide pertinent legal advice about how OFCCP should respond to the inquiry. The withheld information was only shared internally within the Department and is protected by the attorney client privilege. Not applicable |
| Production 1 | PDF Pages 114-115 | Email, FW: Religious Liberty Memorandum | 11/01/2017, 1:31 PM | Produce - Redact | 5, attorney client privilege | | Exemption 5: withheld portion of email that was sent by an OFCCP Deputy Director to a Deputy Solicitor of Labor requesting legal advice regarding an inquiry sent by the Institute of Workplace Equality. The withheld information was utilized by the Solicitor's office to provide pertinent legal advice about how OFCCP should respond to the inquiry. The withheld information was only shared internally within the Department and is protected by the attorney client privilege. Not applicable |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Production 1 | PDF Pages 116-118 | Email, FW: FW: OCCP question | 12/15/2017, 3:29 PM | Produce - Redact | 5, attorney client Privilege | 6, Personally Identifiable Information | Exemption 5: withheld small portion of email sent from OFCCP to its legal counsel, CRLM, outlining OFCCP's preliminary assessment and interpreting potentially applicable guidance that could assist with responding to an inquiry from Senator James Lankford's office. As with many other projects, DOL agencies loop in other agencies and their legal counsel in order to receive feedback regarding various projects. The withheld communication is reflective of that back-and-forth consultative process that occurs between various OFCCP offices that form part of the process for making decisions about various issues, and is thus, protected by the deliberative process privilege. As with this matter, this initial review began the process for OFCCP reviewing applicable laws, regulations, and directives and consulting with its legal counsel in order to determine how to respond to the institute's questions. This information was only shared internally within DOL. This information, is therefore, protected by the deliberative process privilege and the attorney client privilege. | Z |
| Production 1 | PDF Pages 119-120 | Email, RE: Draft Letter to Senator Lankford | 12/19/2017, 4:34 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifiable information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Production 1 | PDF Pages 124-125 | Email, Memorandum re: proposed letter from OFCCP Director to Senator Lankford | 01/03/2018, 12:51 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifiable information | Exemption 5: withheld deliberative draft memorandum prepared by an OFCCP Senior Advisor that was sent to the OFCCP Director for review. The draft memorandum was not in final form and was part of the deliberation what information it should include in the document and how to structure it. This draft statement, which preceded the final adopted memorandum, assisted OFCCP with making a final decision regarding whether it needed to send a second response to Senator Lankford's inquiry. Consequently, the information is protected by the deliberative process privilege. | K |
| Production 1 | PDF Pages 133-134 | Email, RE: Letter to Senator Lankford | 01/29/2018, 3:17 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifiable information | Exemption 5: withheld communication from Deputy Director to a Senior Advisor regarding process for responding to inquiry sent by the Institute for Workplace Equality. The withheld information was part of DOL's process regarding what information to include in the document and what information to exclude from it. Because this discussion preceded the final version of the response, it is pre-decisional. Additionally, because the withheld information was part of the ongoing review of how to respond to the inquiry it is protected by the deliberative process privilege. | S |
| Production 1 | PDF Page 138 | Email, FW: Urgent: OSEC Chief Counsel | 03/23/2018, 4:08 PM | Produce - Redact | 5, attorney client Privilege 6, personally identifiable information | | Exemption 5: withheld legal advice from OFCCP's legal counsel regarding interpretation of statutory laws pertaining to the religious exemption. An attorney from CRLM provided the advice to the client, OFCCP, based on a request that CRLM provide its interpretation of the applicable statutory language. The legal advice was utilized only by DOL employees and was not shared with third parties. This information is, therefore, protected by the attorney client privilege. | Not applicable |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Production 1 | PDF Page 164-165 | Email, Fwd: EO White House faith and opportunity | 05/09/2018, 3:54 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld small portion of internal communication from Deputy Chief of Staff within OSEC and OFCCP Director regarding her interpretation of how a new executive order applied to OFCCP. The withheld communication was part of the Department's process for assessing how this executive order applied to DOL and whether DOL had to take any actions as a result of the executive order. The withheld communication preceded the adoption of any actions as a result of the executive order and is therefore predecisional and deliberative. The withheld information is protected by the deliberative process privilege. | B |
| Production 1 | PDF Pages 170-171 | Email, RE: Draft Letter to Senator Lankford | 12/19/2017, 3:07 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Production 1 | PDF Pages 172-173 | Email, RE: Draft Letter to Senator Lankford | 12/19/2017, 4:15 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |
| Production 1 | PDF Pages 174-175 | Email, RE: Draft Letter to Senator Lankford | 12/19/2017, 4:34 PM | Produce - Redact | 5, deliberative process privilege | 6, personally identifable information | Exemption 5: withheld deliberative draft copy of letter to Senator Lankford regarding an inquiry he sent to the Department. This draft letter was prepared by an OFCCP Senior Advisor for CRLM and higher level OFCCP personnel review. This draft statement was not final and was part of the deliberation regarding what should be included in the letter, how it should be formatted, and what should be excluded from it. The withheld information, thus, is pre-decisional and deliberative and is protected by the deliberative process privilege. | K |